## GUNN *vs.* TACKETT.

1. Where a constable was appointed by the sole justice in a district to fill the vacancy caused by a failure to elect a constable, and the appointee accepted the position and habitually exercised the functions of the office, a levy made by him was not void, although he may not have given the bond and taken the oath provided by law before entering on the duties of his office. He was a *de facto* officer.

(*a.*) That the justice who appointed him resigned and moved out of the county, did not alter the case.

2. There is no law requiring the signature of a justice of the peace to a judgment entered by him on his docket. A signature by initials did not, therefore, avoid such judgment.

3. A mistake in one's favor is not a good ground of exception.

4. That a magistrate did not enter on his docket an itemized statement of the costs of a case, but entered judgment for a specified principal and interest, with costs of suit, did not invalidate the judgment.

Officers. Constables. Levy and Sale. Justice Courts. Before Judge FLEMING. Randolph Superior Court. May Term, 1881.

Reported in the decision.

JNO. T. CLARKE & SON, for plaintiff in error.

. W. C. WORRILL; J. T. FLEWELLEN; C. B. WOOTEN, for defendant.

CRAWFORD, Justice.

A *fi. fa.* from a justice's court having been levied, an affidavit of illegality was filed thereto, which by consent was carried to the superior court by appeal, and then tried by the judge, on an agreed statement of facts which were as follows :

The levy was made by J. J. Palmer, who was acting at the time as constable for the 718th district, G. M., under an appointment by the only justice of the peace of said district, to fill a vacancy arising from a failure to elect. But the said bailiff so appointed did not give the bond and take the oath required by law, but proceeded to act habitually as such bailiff. It is further admitted that the justice who appointed him resigned and removed out of the county before the levy.

The judgment in dispute is to be shown to the court on the docket of the justice. There was no one else acting as constable in said district at the time of the levy.

On the docket of the justice is a statement of the case on the left hand side of the page ; on the right, "plea entered May 3d, 1879; principal $100.00; interest after deducting credit up to suit, $35.50 ; judgment for plaintiff for principal, interest and costs. September 6th, 1879. J. W. B., J. P."

The judge, after argument dismissed the levy, and this ruling is the error assigned.

1. The objection to the legality of the levy grows out of the fact that the bailiff did not take the oath prescribed or execute the bond required of him by law before entering upon the duties of his office.

Persons who are absolutely ineligible to office may discharge its duties, and the acts of such person are valid as the acts of an officer *de facto*. Code, §129.

The official acts of an officer are not the less valid for his omission to take and file the oath, unless specially so declared. Code, §147.

A duly elected sheriff, though he has not given any bond as prescribed by law, is an officer *de facto*, and his acts are valid when they concern the public or third persons having an interest in them. 9 *Ga.*, 314.

The acts of an officer *de facto*, whether judicial or ministerial, are valid so far as the rights of the public and third persons having an interest in them are concerned.

A *de facto* officer is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in law. 20 *Ga.*, 746; 336.

Vacancies of bailiffs are filled by appointment of the magistrate when from any cause there is a failure to elect, qualify and give the bond at the regular time. Code, §465.

That the justice appointing this bailiff removed out of county did not prevent his being an officer *de facto*.

2. Justices of the peace are required to keep a docket in which they are to enter the names of the parties, the returns of the officer, and the entry of the judgment, specifying its amount and the day of its rendition, but the law does not require them to sign their judgments. Code §457.

A transcript of the docket sent up with the record shows the names of the parties and their attorneys, and whilst the returns of the officer are omitted, yet the plea of the defendant is entered filed at the appearance term, two continuances, one by each party, and then judgment for the plaintiff for principal, interest and cost, and the date of its rendition with the initials of the magistrate and the letters "J. P." superadded.

3. Not only so, but the amount of the principal is set out, and the interest, after deducting credits up to the suit, all of which, we think, is quite up to the law's standard for these inferior judicial tribunals. Strangely enough, however, one of the defendant's complaints is that the interest is not cast up to the proper time, by which there is too little interest on the debt; but of which it might become

the plaintiff, but not the defendant to object. Judgments are to be entered up for the principal sum due, with interest, provided the debt draws interest. Code, §3570.

4. That the magistrate did not enter also an itemized bill of costs, does not in anywise affect the validity of the judgment. The failure so to enter is a matter between the officer and the grand jury of his county. Code, §4505.

We think, therefore, that the judge erred in ruling that the affidavit of illegality should be sustained and the levy dismissed.

Judgment reversed.