HENRY JACKSON and J. R. IRWIN, for plaintiffs in error.
J. N. GLENN and ABBOTT & SMITH, *contra*.

HOWLAND *v.* BROWN.

| 92 | 513 |
|-----|-----|
| 105 | 614 |
| 92 | 513 |
| 126 | 436 |
| 92 | 513 |
| f129 | 785 |

Where processioners have duly made out and certified a plat as required by law, and no protest is filed to the same, such plat and the lines marked thereon are only *prima facie* correct; but where an adjoining land-owner files a protest to the action of the processioners, and the same is returned to the superior court, where a verdict is rendered sustaining the return of the processioners, and such return is made the judgment of the court, the judgment is conclusive against the protestant and his privies in title.

May 29, 1893.                    *Judgment affirmed.*

Ejectment. Before THOMAS B. FELDER, Jr., judge *pro hac vice.* Emanuel superior court. April term, 1892.

Maggie Howland sued Sarah E. Brown for certain land. It appeared that the plaintiff claimed under a deed from Wiley Nasworthy, dated December 14, 1889. On December 14, 1886, upon the application of Sarah E. Brown, processioners, by virtue of an order of the ordinary, made a return showing certain lines as bounding the land of Sarah E. Brown, to which return Wiley Nasworthy filed a protest on several grounds. Upon this a verdict was rendered in the superior court in favor of the return of the processioners; and thereupon judgment was entered, October 23, 1889, that the return of the processioners be made the judgment of the court, etc. It further appeared from the evidence, and was admitted, that the premises sued for lay between defendant's land and the line which was disputed before the processioners but which was found by them as the true line between the land of defendant and that of Nasworthy. The court directed a verdict for defendant, which ruling was assigned as error.

v 92-33

H. R. DANIEL and WILLIAMS & SMITH, for plaintiff in error.

F. H. SAFFOLD and HINES, SHUBRICK & FELDER, *contra.*

---

DUNHAM, BUCKLEY & CO. *et al. v.* CURTIS & FUTCH *et al.*

Where, upon a petition for injunction and receiver and to set aside an assignment, the petition being verified by one of the plaintiffs' attorneys "to the best of his knowledge and belief," a restraining order was granted and a temporary receiver was appointed, and at the interlocutory hearing a motion was made to dismiss the petition on the ground that the verification was insufficient, and the petitioners' attorneys offered additional affidavits for the purpose of verifying and which did verify most of the material allegations of the petition, the verification thus offered was sufficient to authorize the court to proceed with the hearing, and it was error to sustain the motion and dismiss the petition on the ground stated, it appearing that the presiding judge neither exercised nor attempted to exercise any discretion in the matter, but based his ruling solely on the ground that the additional verification was insufficient.      *Judgment reversed.*

     June 12, 1893. BLECKLEY, C. J., presided at the argument, but on account of providential cause did not participate in the decision.

Petition for injunction and receiver. Before Judge BUTT. Muscogee county. April 22, 1893.

The petition was on behalf of Dunham, Buckley & Co., Partridge & Richardson, and Everett, Ridley, Ragan Co., against Curtis & Futch. When presented it was not verified otherwise than by an affidavit of H. R. Goetchius of the law firm of Goetchius & Chappell, the plaintiffs' attorneys, "that to the best of his knowledge and belief the facts and allegations stated in the foregoing petition are true." Thereupon the judge granted a restraining order, appointed a temporary receiver, and issued a rule for the defendants to show cause at a time named, why a permanent receiver should not be appointed and a perpetual restraining order be granted. At that time both sides announced ready. Curtis, the