### GILLIS *v.* TAYLOR *et al.*

1. Prior to the act of 1901 (Acts 1901, p. 39), it was necessary for the processioners and the surveyor to trace and mark anew the lines around the entire tract of the applicant for processioning, before the plat certified by the surveyor and the lines so marked should be prima facie correct and such plat admissible in evidence without further proof.
2. On the trial of an issue formed by a protest of adjoining landowners, to the return of processioners made before the act of 1901, where it appeared that the lines around the entire tract of the applicant were not surveyed and marked anew, it was proper to dismiss the entire proceeding, on motion of the protestants.

Submitted July 18, 1906.—Decided February 16, 1907.

Processioning. Before Judge Spence. Worth superior court. October 28, 1905.

*T. R. Perry* and *J. H. Tipton,* for plaintiff.

*Frank Park,* contra.

EVANS, J. W. D. Gillis, in his application to the processioners, represented himself to be the owner of lot 64 in the 7th district of Worth county, and prayed that his land be surveyed and the

lines around the entire lot of land be marked anew. Notice was given to the adjacent landowners, and a survey of the entire lot 64 was made under the direction of the processioners, and a return thereof made as required by law. Mrs. Taylor and her children, who were adjacent landowners, occupying and owning land lot 75, which lot lay north of lot 64, filed their protest to the return, upon the grounds, among others, that the applicant was not the owner of lot 64 and did not occupy the same; and also because the line as run by the processioners would take from lot 75, and include in lot 64, about sixty acres of land which had been in the actual possession of protestants for more than twenty years. On the trial of the issue formed by the protest, the applicant offered in evidence, (1) a certified plat of land lot 64, showing the lines as run around the whole lot, (2) a deed showing title in himself to a strip of land on the north side of land lot number 64, bounded by north line of lot number 64; east by eastern line of lot 64; south by a line well marked and defined by landmarks and blazes on trees, and west by the west line of lot 64, containing 120 acres more or less. Applicant then offered witnesses to prove that "the line making the north line of the plaintiff's tract, and also making the south line of the plaintiff's tract, were both well marked and defined by old landmarks and blazes, and their location easily found, and that the question between the parties was as to which of these lines was the original north line of the said lot No. 64; that if the line on the north was the true original north line of said lot, then the plaintiff had his one hundred and twenty acres of land; but if the line on the south was the true original line of the said lot on the north, then the plaintiff had no land at all; that all four of the lines around the tract claimed by the plaintiff were well marked and defined, and it was only necessary to establish the original lines around the said lot, thus establishing the true north line of the lot, in order to settle the dispute between the parties to this matter as to the location of the original north line of the said lot, and that the plat in evidence was a sufficient legal foundation for this proceeding." The court repelled this testimony, and, on motion of protestant's attorneys, dismissed the entire proceeding, on the ground that it affirmatively appeared that the applicant's entire tract was not run and marked anew as required by the Civil Code, §3244.

The lines were run and the return made before the passage of the act of 1901 (Acts 1901, p. 39), which requires only the line desired to be established to be surveyed and marked anew. Before the act of 1901 it was essential that the lines around the entire tract of the applicant should be traced and marked anew by the processioners; and where it appeared that the processioners had not complied with this requirement, their return was without legal effect under the processioning laws. *Rattaree* v. *Morrow*, 71 *Ga.* 528; *Martin* v. *Cauthen*, 77 *Ga.* 491. The applicant's evidence limited his claim of title to only a part of land lot number 64, and he admits that the southern line of his land had never been traced and marked. He offered to prove that the southern line of his land was well defined and marked; as an excuse for the failure to trace and mark anew the southern boundary. This excuse was not recognized by the law at the time this processioning was had. Unless the applicant's entire tract was run around and the lines marked anew, the proceedings were a nullity. Again, the law of processioning is not intended to define any line except those between the land of the applicant and coterminous proprietors. Here the applicant represents by petition to the processioners that he is the owner of land lot number 64; on the trial he admits that he claimed only 120 acres from the north end of the lot. His contention seems to be that the location of his land could only be made by establishing the northern line of lot number 64; and this could only be done on his representation to the processioners that he was the owner of the whole lot. We think the whole proceeding was a nullity, and that the disposition of the case by the trial court was proper.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*