685.  LEDBETTER v. THE STATE.

POWELL, J.  1. The office of deputy clerk of the superior court exists; therefore one may de facto hold that office who, because of a failure to take the oath, is not entitled to hold it de jure.  The acts of such de facto officer are as effective in matters either civil or criminal as if he were regularly qualified.  Civil Code, § 4359; Political Code, § 242; *Ballard* v. *Orr*, 105 *Ga.* 195 (31 S. E. 554) ; *Gunn* v. *Tackett*, 67 *Ga.* 725; *Herrington* v. *State*, 103 *Ga.* 318 (29 S. E. 931) ; *Brooks* v. *Rooney*, 11 *Ga.* 423; *Allen* v. *State*, 21 *Ga.* 219 (68 Am. D. 457) ; *Tietjen* v. *Merchant's Bank*, 117 *Ga.* 503 (41 S. E. 730).

2. The evidence not being such as to preclude a finding that the indictment had been returned into court and delivered to the clerk or to his de facto deputy, a finding by the trial judge, acting by consent as trior, against a plea in abatement alleging to the contrary, will not be disturbed.                                        *Judgment affirmed.*

Accusation of larceny, from city court of Sylvania—Judge Boykin.  June 10, 1907.

Submitted October 7,—Decided October 14, 1907.

Ledbetter was indicted by the grand jury of Screven county for a misdemeanor.  The indictment was transferred from the superior court of Screven county to the city court of Sylvania, in which the defendant filed a plea in abatement, alleging, in substance, that the indictment was delivered into court from the grand jury by one Gilbert, who was not the bailiff of the grand jury, and who was not a sworn officer of the court, and was without authority of law to hand the indictment into the court; and that the delivery of the indictment into court by him was not in the presence of the grand jury, but was made privately, after the grand jury had taken a recess for the day.  The State filed a traverse to this plea, and the issue thus raised was, by consent, tried by the judge without a jury.  The evidence introduced by the defendant in support of the allegations of his plea was substantially as follows:  Two witnesses testified, that they were in the office of the clerk of the superior court on the day the indictment was found; that one Gilbert, an assistant to the solicitor-general, came into the office from the direction of the grand-jury room, and handed to the clerk a batch of indictments, including the one in question; and that at this time the grand jury was not in session.  There is no direct evidence in the record as to the source from which Gilbert got the indictment.  The evidence on the part of the State showed that

the clerk of the superior court had a deputy, named Potter, who habitually performed the functions of clerk, frequently receiving the indictments returned into court by the grand jury, and doing other routine work under the supervision of the clerk. He had not taken the oath of office. He testified that after indictments had been delivered into court by the grand jury, he often turned them over to the assistant solicitor-general, for the purpose of having bench warrants issued on them. The regular bailiff of the grand jury testified that he never delivered any indictments to Gilbert, but always turned them over to the clerk or his deputy. The theory of the State, under this testimony, was that the indictment against the defendant had been returned into court by the regular bailiff of the grand jury, and delivered by him to the clerk or to the clerk's de facto deputy, and had then come into the possession of the assistant solicitor-general. After hearing the evidence the trial judge overruled the plea; and his decision is assigned as error.

*E. K. Overstreet,* for plaintiff in error.

*T. J. Evans, solicitor,* contra.