### 679.  ROSENBLATT *v.* THE STATE.

There was no error in deciding adversely to the plea in abatement.

Certiorari, from Ben Hill superior court—Judge Whipple. July 13, 1907.

Submitted October 7,—Decided October 15, 1907.

The defendant was indicted by the grand jury of Ben Hill

county, for illegally selling liquor. The case was transferred, for trial, to the city court of Fitzgerald. The defendant filed a plea in abatement, which alleged, among other things, that the indictment against him was void, because: (1) The jury commissioners, appointed to select the grand jury which found the indictment against him, did not, before entering upon their duties, subscribe the oath required by the Penal Code, §814; and (2), under the act creating the Cordele circuit, only the judge of the superior court of Ben Hill county was authorized to draw the grand jurors for the spring term, 1907, of that court. The evidence disclosed that the ordinary administered the prescribed oath to the jury commissioners before they entered upon their duties, but that the oath was not subscribed by them until two or three days later. As to whether or not the subscription of the oath took place before or after the final selection of the grand jury, there was some conflict; but there was evidence from which the court could find against the defendant as to that point; for two of the jury commissioners testified that "none of the names of the persons who were finally selected as grand jurors and whose names were put in the grand-jury box had been selected prior to the time that the oath of jury commissioners was subscribed to by the jury commissioners, the work done prior to that time being the work of going over the tax-digest for the purpose of getting the names of all the poll-tax payers of the county, from which the names of the grand jury were to be selected." After hearing the evidence, the judge directed a verdict against the plea in abatement; but the assignment of error is sufficient only to raise the same question as if the jury had found the verdict without the direction. See *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173). The case went to trial on the merits, and the defendant was convicted. He carried the case to the superior court by certiorari; and the decision of the judge, on the return of the writ, being adverse to him, he assigns this decision as error.

*E. W. Ryman, E. Wall,* for plaintiff in error.

*W. F. George, solicitor-general, A. J. McDonald, E. D. Graham,* contra.

POWELL, J. (After stating the facts.)

The judgment of the trial court overruling the certiorari will be affirmed, for several reasons. First, there having been an issue

of fact as to whether the jury commissioners drew the list before or after they subscribed the oath, the finding of the trial court as to that is final. Further, if they were not de jure officers, their acts as de facto officers were not invalid. *Ledbetter* v. *State,* ante, 631 (58 S. E. 1106). Also, "the official acts of an officer are none the less valid for his omission to take and file the oath, unless in cases when so specifically declared." Political Code, §242. And they having actually taken the oath, their subscription of it related back. *McLain* v. *State,* 71 *Ga.* 279; *Roby* v. *State,* 74 *Ga.* 812. While, under the act creating the Cordele circuit (Georgia Laws 1906, p. 52), the judge of the superior court had the power to draw the grand jury, this in no wise interfered with the power of the jury commissioners, under the general law.

*Judgment affirmed.*