## McGRAW *v.* CROSBY.

1. Under the facts of this case, the motion to dismiss the writ of error is overruled.
2. Under the evidence introduced, it was error to direct a verdict for the defendant.

Submitted October 14,—Decided December 21, 1907.

Complaint for land. Before Judge Mitchell. Colquitt superior court. April 4, 1907.

*E. L. Bryan,* for plaintiff.　　*T. H. Parker,* for defendant.

HOLDEN, J.　J. P. McGraw brought a suit in ejectment in Colquitt superior court, to recover 50 acres of land described in his petition and an amendment thereto. The defendant filed his answer, denying that the plaintiff had any title to the land sued for, and claiming title in himself. He further answered that he had a good prescriptive title by reason of seven years possession under color of title. . Upon the conclusion of the evidence for the plaintiff, the court directed a verdict in favor of the defendant; to which the plaintiff excepted, and brings to this court for review the judgment of the court below directing a verdict in favor of the defendant.

The documentary evidence material to a decision of the case. consists of the following deeds. J. P. McGraw to R. A. McGraw, dated December 23, 1889, conveying 200 acres, more or less, of lot of land No. 490 in the 8th district of Colquitt county, Georgia, "being the land in dispute and other lands." R. A. McGraw to J. P. McGraw, dated Nov. 17, 1891, recorded Sept. 19, 1895, conveying 100 acres of said lot, "including the land in dispute." R. A. McGraw to T. V. Clark, dated Jan. 9. 1892, conveying 50 acres of said lot, described as follows: "lying and being in the 8th district of Colquitt county, bounded on the east by original line, south by lands of Mrs. S. C. Crosby, west by branch, and north by lands of J. P. McGraw, containing 50 acres more or less." T. V. Clark to D. C. Clark, dated April 15, 1898; D. C. Clark to R. A. Murphy, dated Oct. 22, 1903; and R. A. Murphy to D. A. Crosby, the defendant in this case, dated Oct. 22, 1904, recorded Oct. 24, 1904; the three deeds last mentioned conveying the same land as described in the deed from R. A. McGraw to T. V. Clark, "all of which give the northern boundary as the land of J. P. McGraw." The oral evidence introduced was substantially as follows: The 50 acres of land in dispute was a part of land lot 490 in the 8th district of Colquitt county, and lay north of a certain line. This line was described by the witnesses as running east and west across the 200-acre tract of land hereinabove referred to as conveyed by J. P. McGraw to R. A. McGraw. Along this line were the usual evidences of land lines, consisting of blazed trees, etc. The timber north of this line was boxed down to the line. About the time of the sale of the 100 acres by R. A. McGraw to J. P. McGraw, the former contracted to sell to Plymeal the other 100 acres, which were, about

1891 or 1892, surveyed off and a dividing line established between this 100 acres and the 100 acres sold to J. P. McGraw. The land sold to J. P. McGraw lay north of the line referred to, and the 100 acres sold to Plymeal lay south of said line. Plymeal went into possession of the 100-acre tract sold to him and built a house on it. R. A. McGraw and Plymeal recognized the line thus established between the two tracts, and Plymeal held and claimed up to the same on the south, and J. P. McGraw held and claimed up to said line on the north. R. A. McGraw, J. P. McGraw, and Plymeal recognized this line. D. A. Crosby, the defendant, was in possession of the 50 acres. The land claimed by J. P. McGraw north of this line contained 135 acres. After Plymeal contracted to buy the 100 acres from R. A. McGraw, he transferred his rights to T. V. Clark and Mrs. S. C. Crosby, and had R. A. McGraw to execute deeds to these parties. T. V. Clark got 50 acres on the north side of Plymeal's 100-acre tract. After T. V. Clark bought the 50 acres of land he refused to recognize the line hereinbefore referred to as being the line between his land and that of the plaintiff, and crossed over and took possession of some of the plaintiff's land, and he and those claiming under him have continuously held possession of same with buildings, fencing, and cultivation down to the present time. D. A. Crosby is now in possession of this 50 acres of land in dispute north of said line. Plymeal lived on the 100 acres purchased by him from R. A. McGraw for about 10 months before it was sold to Clark and Crosby. J. P. McGraw had never been on or cultivated any part of his 100 acres bought from R. A. McGraw. The defendant and those under whom he holds have been in possession of the 50 acres north of said line for more than seven years. While Plymeal was in possession of the 100 acres which he contracted to buy from R. A. McGraw, D. A. Autrey purchased from J. P. McGraw the turpentine privileges on the 100 acres of land north of said line. About 12 years prior to the trial of the case, T. V. Clark employed D. D. McDonald to build a house on the land north of the line above referred to, but when he began work upon the house J. P. McGraw objected to his building, pointing out the line referred to as being the line between plaintiff's land and Clark's land.

A plat was introduced in evidence, on which appeared a red

line which the witnesses testified was the line hereinabove re-
ferred to.  The testimony of. the witnesses in connection with this
plat was mainly in reference to the red line appearing thereon.
This plat was not incorporated in the bill of exceptions, but was
referred to therein as being attached as an exhibit.  It was not
identified by the trial judge, and appeared attached to the bill of
exceptions after his certificate.

1. A motion was made by the defendant in error to dismiss
the writ of error, because the plat attached to the bill of excep-
tions could not be considered by this court, and because the issues
involved could not be understood, or passed on, unless the plat
could be considered by this court.  Under the special facts re-
lated in the succeeding paragraph of this opinion, it would be
improper to dismiss the writ of error, and the motion to do so is
overruled.

2. The oral testimony showed that the land in controversy lay
north of a line described by the witnesses.  Both parties claim
under a common grantor, R. A. McGraw.  This common grantor
on Nov. 17, 1891, conveyed to the plaintiff 100 acres of lot 490
in the 8th district of Colquitt county, "including the land in
dispute."  The same grantor. on Jan. 9, 1892, conveyed to T. V.
Clark, a predecessor in title of the defendant, 50 acres of the .
same land lot, described as "lying and being in the 8th district of
Colquitt county, bounded on the east by original line, south by
lands of Mrs. S. C. Crosby, west by branch, and north by lands
of J. P. McGraw, containing 59 acres, more or less."  And this
same description was contained in each of the deeds in the chain
of title under which the defendant claims.  According to the
deeds, the lands of the defendant, therefore, only adjoin those of
the plaintiff on the north, and this northern boundary, by the
terms of the defendant's grant, is the "lands of J. P. McGraw,"
previously conveyed to him by the common grantor by deed ante-
dating the deed to the defendant.  Since the common grantor,
prior to the deed executed to T. V. Clark above referred to, had
conveyed to J. P. McGraw lands "including the lands in dispute,"
and had afterwards conveyed to T. V. Clark land bounded north
by *"lands of J. P. McGraw,"* all of the lands of J. P. McGraw
previously conveyed to him by this same grantor, and which, ac-
cording to the deeds referred to in the record before us, *included*

*the land in dispute,* must, as far as shown by the deeds, lie north of the northern boundary of Clark's land, established in his deed by the common grantor as the "lands of J. P. McGraw." This fact must of necessity exclude from the deed to T. V. Clark any of the "land in dispute," all of which, as we have just pointed out, lay north of the northern boundary called for by his deed. This same description being contained in the deed to the defendant and all prior deeds in his chain of title, there is nothing in the deeds to show any written title, or color thereof, in the defendant to any of the land in dispute.

The fact that the defendant's deed was of record prior to the deed under which the plaintiff claims has no bearing on the case. As the defendant's deed covered none of the land in dispute, it could not, of course, create any rights therein, whether recorded or not. Nor could seven years adverse possession by the defendant, under his deed, give him a good title, because he was without color of title, under this deed, upon which to base it. We do not know what description of the land conveyed to the plaintiff the deed itself contains; but the statements in the record in reference to this deed show that it includes the land in dispute. The statements in the record in reference to the deed to the defendant and the deeds to his predecessors in title show, under the legal construction we are compelled to give them, that they do not include the land in dispute.

It is stated that a plat of the land of J. P. McGraw, prepared by the county surveyor and another party and representing a survey made by them, with the assistance of the processioners of the district in which the land was located, was introduced in evidence. The bill of exceptions further states that this survey was made on the 16th and 17th of June, 1904. It is stated in the bill of exceptions that the plat is attached to the bill of exceptions and marked exhibit A. This plat is not identified by the court, and nowhere appears as a part of the record. It is not in the bill of exceptions, but is attached thereto, following the certificate of the judge. This plat, therefore, can not be considered in determining whether or not the court erred in directing a verdict for the defendant. As this was a plat made under the supervision of processioners in running land lines, where no protest was filed and a trial had thereon, it could only be prima facie

correct as to the lines run by the processioners appearing on the plat. *Howland* v. *Brown, 92 Ga.* 513. Even if the plat were to show that the line between the plaintiff and the defendant was where the defendant claims it to be, it could only be prima facie correct. As the deeds introduced in evidence and the oral testimony show that the land in dispute belongs to the plaintiff, even if this plat established a line thereon between the plaintiff and the defendant in such way as to indicate that the land in dispute belonged to the defendant, it would only be prima facie correct, thereby creating a conflict in the evidence. Hence, giving to this plat the greatest possible effect it could have in favor of the defendant, it could only make a prima facie showing that the land in dispute belonged to the defendant; and in view of the deeds and oral testimony showing that the land in dispute belonged to the plaintiff, there would be a conflict in the evidence, which would make it error for the court to direct a verdict in favor of the defendant. The judgment of the court below is therefore

*Reversed. All the Justices concur.*