BRADLEY *et al.* *v.* CHATTANOOGA IRON AND COAL COMPANY.

HILL, J.  1.  The processioning proceedings did not show on their face that they were void or were inadmissible in evidence on the ground that they were not accompanied by the application for processioning. *Caverly* v. *Stovall,* 134 *Ga.* 677 (68 S. E. 442).  They recited that the Chattanooga Iron and Coal Company had applied for processioning, and that the processioners had proceeded under the application.  Nor were the proceedings inadmissible, at the time when they were offered, on the ground that it was not a processioning of the land of the applicant, but of other people.  On the face of the return it purported to be a processioning of the entire tract of land of the applicant and of running around and marking the lines; and there was nothing on the face of the proceedings to show that this was not correct.

2.  Such proceedings, where no objections were filed and no trial had, are merely prima facie evidence of the correctness of the lines surveyed and marked anew.

3.  The uncontradicted evidence introduced by each side showed that in point of fact the processioning was not a running and marking of the lines around the entire tract of the applicant, but that within a general tract of land claimed by the applicant there was a small parcel as to the extent and western boundary of which there is a controversy between the plaintiff and the defendants, and that the processioners and the county surveyor really ran lines around a certain parcel of land as being the small parcel claimed by the defendants; thus in fact pro-

cessioning not the entire tract of the company, but processioning the smaller tract of other people. While there may be a case where one person owns a large tract of land entirely surrounding a smaller tract within its general boundaries, and it is desired by the owner of the larger tract to procession a certain line or lines with the owner of the smaller tract, and the interior lines of the larger tract may coincide with the exterior lines of the smaller tract so that in order to effect such processioning running the exterior lines of the smaller tract would be the same as running the interior lines of the larger tract, and that processioning between the two could only be thus accomplished, because running and marking the outer lines of the larger tract might not touch the lines of the smaller tract,—this does not authorize processioners to make a return that they have run and marked the lines around the entire larger tract when in point of fact they have not done so at all, but have only run lines around the smaller tract, none of the boundary lines of which as thus run touch any of the outer lines of the main tract. Accordingly, under the uncontradicted evidence, the return of the processioners and the map of the county surveyor were not legally made, and were without force as establishing the lines of the smaller tract which were involved in the present litigation. See *Parrish* v. *O'Neal*, 140 *Ga.* 44 (78 S. E. 420).

(a) The evidence did not show such a running and remarking of lines as is contemplated by the processioning law, but simply that a former owner of the entire tract of land, under whom both sides claim, had pointed out to the processioners and the county surveyor two corners as being those on the western side of the smaller tract of land, and that the processioners and the surveyor ran a straight line connecting these corners. Moreover, as to whether the line accurately followed the pointing out of the place where it should be there was some conflict in the evidence.

4. The evidence as to the location and boundaries of the land in dispute was somewhat vague and uncertain, much of it depending on the processioning proceedings, which, as above indicated, appeared to be unlawful. In the somewhat confused state of the evidence, a verdict for the plaintiff should not be allowed to stand.

(a) Furthermore, in locating the property for which suit was brought, the plaintiff alleged that "Said two houses and lots to which plaintiff claims title are located a short distance east of the west boundary line of Lot No. 287, as established by processioners, and between said boundary line and a certain six-acre tract of land now claimed by defendant." The evidence shows that the processioners did not undertake to locate the west boundary line of lot No. 287 at all, but the boundary lines around what was claimed to be the six-acre tract.

5. The plaintiff alleged that the defendants had received the profits from the land during a term of six months, and that they "with interest in common" refused to give possession to the plaintiff or to recognize its rights. The answer denied that the defendants were claimants in common, or in common refused to give possession, and denied that they refused to give possession of any land to which the plaintiff was en-

titled, "for the reason that they are not in possession of any land or houses belonging to plaintiff." "When several persons claim several parcels of land under distinct titles, and do not sustain to each other the relation of landlord and tenant, a joint action of ejectment can not be maintained against them, nor can a joint or several recovery be had in such action, either for the premises or mesne profits." Civil Code (1910), § 5578. But under the somewhat confused plea, and under the uncertain evidence, it is difficult, if not impossible, to declare whether the defendants hold under distinct titles, or whether one of them claims to hold the title, and the wife of the other, who is not a party, claims to hold by purchase under the first-named defendant, who is her brother-in-law (the testimony merely stating that he had sold to her a part of the land, not very definitely described), and it not appearing whether the sale was by parol, or there had been a conveyance, or what was the status of the title between them.

> *Judgment reversed. All the Justices concur.*
> DECEMBER 18, 1915.

Complaint for land. Before Judge Wright. Walker superior court. October 10, 1914.

*H. P. Lumpkin* and *W. M. Henry,* for plaintiffs in error.
*Rosser & Shaw,* contra.