17236.    GROOVER v. DURRENCE *et al.*

STEPHENS, J.    1. This being an application for the processioning of land, brought by certain persons as tenants in common, and it not appearing that any other person had any title to the land, the court did not err in overruling the protestant's motion to dismiss the case upon the ground that there was a failure to make all the tenants in common parties plaintiff to the proceeding.

2. Where a writing, such as one purporting to be an assignment of dower, including a plat of land, made by dower commissioners more than thirty years before it was offered in evidence in this case, could, under a proper showing of custody, etc., have been admitted in evidence as an ancient document, without proof of its execution, an objection to its admission, upon the ground that it did not appear that the document was recorded as required by law, was insufficient to show error in admitting it in evidence. *Durrence* v. *Groover*, 160 *Ga.* 680 (2) (129 S. E. 29).

3. In a hearing upon a protest to a return of processioners, where it appeared that in marking out the land lines they were guided by a certain plat made by commissioners in assigning dower, and where it conclusively appeared that the true line between the lands in dispute was determinable by the lines marked on the dower plat, the introduction in evidence of another plat, made by a private surveyor without the authority of or the consent of the protestant, which to all intents and purposes amounted practically to a retracing of the land lines in accordance with the dower plat, could not have influenced the jury adversely to the claim of the protestant, and therefore was harmless.

4. A suit between parties over the title to the dower land in no way affected the land lines between that land and the land of the protestant, and the admission in evidence of the record of that suit was harmless to the protestant.

5. Where the only dispute was as to the dividing line between two tracts of land, a survey of other boundaries was unnecessary (Civil Code of 1910, § 3823), and where it appeared conclusively that the surveyor for the processioners followed the line between the lands of the litigants as shown by the dower plat, any errors made upon the lines between other landowners, or any discrepancies in the dower plat and the plat made by the processioners, were immaterial and harmless.

6. Where it appeared that both the applicants and the protestant claimed under a common grantor, the applicants claiming by inheritance from the heirs of the estate as reversioners after the expiration of the life estate which was set aside as dower, and the protestant claiming under a deed made by the administrator of the estate, and it appeared conclusively, from the evidence, that the dower was set aside before the execution of that deed, the objection that the processioners should have followed the description in the deed under which the protestant held, instead of the dower plat, was without merit.

7. Where it appeared that the widow to whom the dower was set aside,

Boundaries, 9 C. J. p. 250, n. 73 New; p. 251, n. 79 New; p. 252, n. 10 New.

Trial, 38 Cyc. p. 1379, n. 2; p. 1380, n. 5; p. 1388, n. 82.

and under whom the applicants claimed, went into possession of the lands assigned as dower, it was immaterial that no judgment of the court, setting the dower aside, appeared. *Callaway* v. *Irvin*, 123 *Ga.* 344 (51 S. E. 477); *Wells* v. *Dillard*, 93 *Ga.* 682 (20 S. E. 263); *Peters* v. *West*, 70 *Ga.* 343.

8. The evidence is not conclusive that there was ever established by agreement a line between the lands of the protestant and those of the applicants.

9. The evidence authorized a finding sustaining the return of the processioners, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 4, 1927.

Processioning; from Tattnall superior court—Judge Sheppard. January 19, 1926.

*W. T. Burkhalter,* for plaintiff in error. *J. T. Grice,* contra.