30023. PHILPOT *et al. v.* WELLS *et al.*

DECIDED JUNE 8, 1943.

*D. B. Howe, Olin T. Flournoy,* for plaintiffs.
*Claude V. Driver,* for defendants.

STEPHENS, P. J.   On November 10, 1941, J. V. Philpot and J. N. Philpot filed, with the ordinary of Haralson County, their protest against a return of processioners which purported to mark the line between land of the protestants and land of J. E. Wells and Gus Wells, the applicants.   The only ground of protest was that the line as run by the processioners was not the true dividing line between the two tracts of land.   The case came on for trial in the superior court, on the issue as thus made.   The verdict was in favor of the return of the processioners.   The protestants moved for a new trial on the general grounds, and two special grounds which will later be referred to.   To the overruling of the motion the protestants excepted.

Since it is conceded by counsel for the protestants that the evidence as to what constituted the true line between the two tracts of land was in conflict, and that the verdict in favor of the return of the processioners was authorized by the evidence, it is unnecessary to inquire into the evidence on this issue.

The return of the processioners with the surveyor's plat attached was admitted in evidence.   Nowhere in the record does it expressly or affirmatively appear that any written application for the running of the line between the two tracts of land was made to the processioners, that the processioners and the surveyor had

been duly sworn as required by law, or that the return of the processioners was sworn to. It is insisted by the protestants that it does not appear from the return of the processioners that they marked a line "anew" between the land of the applicants and the protestants, but that it does appear from the return that the processioners did not mark any line "anew." It is also insisted that it does not appear that the surveyor who made the plat and whose name was signed thereto was the "county surveyor." It is contended that these alleged defects and omissions render the verdict contrary to law, as without evidence to support it. The only issue as made in the protest was as to the correctness of the line which the processioners had run. This issue is determinable without reference to any alleged defects or omissions such as here insisted on, which could go only to the validity of the return of the processioners. Such alleged defects or omissions can not constitute an insufficiency of the evidence to sustain the verdict in favor of the processioners' return. Any invalidity in the return of the processioners, such as here claimed, can not be taken advantage of in a motion for new trial. There is no merit in the contention of counsel for the protestants, that by reason of such alleged defects and omissions the verdict was without evidence to support it.

It is recited in the return of the processioners that they were "applied to by J. E. and Gus Wells to trace and mark anew the lines between the said J. E. and Gus Wells and Joe and Jasper Philpot." While the law requires an application in writing to the processioners by an applicant who desires to have his land line surveyed and marked anew (*Ballard* v. *Haines,* 115 *Ga.* 847, 42 S. E. 218), yet where, on the trial of an issue made by a protest filed by adjoining owners to the return of the processioners there is no proof that such application was made, but there is a recital in the return of the processioners that they were applied to by the applicant to trace and mark anew the lines around a certain tract of land, "the presumption is that a proper application in writing was made to them by the applicant." *Caverly* v. *Stovall,* 134 *Ga.* 677 (68 S. E. 442); *Bradley* v. *Chattanooga Iron & Coal Co.,* 144 *Ga.* 478 (87 S. E. 465).

There is no merit in the objection that it does not appear that the processioners or the surveyor were duly sworn as required by

law. It nowhere appears that either the processioners or the surveyor was not sworn. Processioners and county surveyors are regularly selected officers with definite terms of office and definitely defined duties to perform. Code, §§ 85-1604, 23-1101. Neither is appointed to act in any particular case. It does not appear from the record in this case that the purported processioners and county surveyor who ran the lines were not in fact processioners or county surveyor with jurisdiction to act as such as required by law. The status as regularly selected and duly authorized processioners or county surveyor is nowhere denied by the protestants in this case. The insistence is only that "it does not appear" from the return of the processioners or from the plat and survey or from any evidence that either the processioners or the surveyor had been duly sworn as required by law. If the law required that these officers should be duly sworn and the oath of office administered to them before entering on the discharge of their duties, presumably this was done, in the absence of any evidence to the contrary. Even if these officers had not had an oath of office administered to them, they were nevertheless de facto officers, and their acts as processioners and county surveyor respectively are legal. The Code, § 89-310, provides that "The official acts of an officer are none the less valid for his omission to take and file the oath, except in cases where so specially declared." We know of no law invalidating the acts of processioners or a county surveyor where no oath of office had been administered to them. Sheriffs, clerks, constables, and jury commissioners are de facto officers, and their acts are legal although they have not taken the oath of office required by law. *Gunn* v. *Tackett*, 67 *Ga.* 725; *Stephens* v. *State*, 106 *Ga.* 116 (2) (32 S. E. 13); *Ledbetter* v. *State*, 2 *Ga. App.* 631 (58 S. E. 1106); *Rosenblatt* v. *State*, 2 *Ga. App.* 649, 650 (58 S. E. 1107).

There is no law requiring that the return of processioners be sworn to. The certificate of the surveyor to the plat which appears as part of the return of the processioners is captioned "Georgia, Haralson County," and is signed "I. W. Bailey, County Surveyor." It therefore appears, contrary to the insistence of the protestants, that the surveyor who ran the line for the processioners was the county surveyor of Haralson County, the county in which the land lies and the county of the processioners.

The court did not err in admitting in evidence the return of the processioners and the plat made by the surveyor, which was part of the return, and in stating to the jury that such return made a prima facie case, and that if nothing else appeared except the return made by the processioners, the line established by them would prevail. The objections to the above rulings of the court are contained only in the amendment to the motion for new trial, and are as follows: because it does not appear that the processioners had been duly sworn and qualified, that the return was sworn to by the processioners, that the surveyor had been sworn and qualified, or that the person who signed the survey was county surveyor; because the court in its rulings expressed an opinion that the applicants had made a prima facie case, when in fact a prima facie case had not been made, because the return does not recite that the processioners marked any line "anew," and because the rulings of the court relieve the applicants from making out their case by a preponderance of the evidence. The applicants stood in the position of plaintiffs, and the protestants stood in the position of defendants. The burden of proof was on the plaintiffs. The introduction in evidence of the return of the processioners, and the surveyor's plat attached thereto as a part of the return, made a prima facie case for the plaintiffs. *Rattaree* v. *Morrow*, 71 *Ga.* 528; *Gillis* v. *Taylor*, 127 *Ga.* 676 (56 S. E. 992).

The verdict in favor of the return of the processioners was not without evidence to support it, and was not contrary to law on any of the grounds urged by the protestants. The special grounds of the motion for new trial show no merit. The court did not err in overruling the motion.

*Judgment affirmed. Sutton and Felton, JJ., concur.*