32008.   EDENFIELD *v.* LANIER.

Decided July 16, 1948.   Rehearing denied July 26, 1948.

*Hugh R. Kimbrough, Alfred Herrington,* for plaintiff in error.
*Anderson & Trapnell,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 85-1605 provides as follows: "Every owner of land, any portion of which lies in any district, though the remainder lies in an adjoining district or an adjoining county, who desires the lines around his entire tract to be surveyed and marked anew, shall apply to the processioners of said district to appoint a day when a majority of them, with the county surveyor, will trace and

mark the said lines. Ten days' written notice of the time of such running and marking shall be given to all the owners of adjoining lands if resident within this State; and the processioners shall not proceed to run and mark such lines until satisfactory evidence of the service of such notice shall be produced to them." The applicant complied with the provisions of the Code section. The application pointed out which line was in dispute. See *Groover* v. *Durrence*, 36 *Ga. App.* 543 (5) (137 S. E. 299). The application set out a proper cause of action for processioning. It is undisputed that the applicant and the protestant are coterminous landowners. On the trial the applicant's case was supported by this petition, the entry of service on the protestant, the notice to the protestant, the return of the processioners and the surveyor's plat. This made out a prima facie case for the applicant. See *Castleberry* v. *Parrish*, 135 *Ga.* 527, 528 (3) (69 S. E. 817). The directing of the verdict in favor of applicant was therefore without error, providing the trial judge did not err in his judgment dismissing the protest, which question we now consider.

■ Code § 85-1609 provides as follows: "Any owner of adjoining lands, who may be dissatisfied with the lines as run and marked by the processioners and surveyor, may file his protest thereto with the ordinary within 30 days after the processioners have filed their returns, *specifying therein the lines objected to, and true lines as claimed by him;* and it shall be the duty of the ordinary to return all the papers, including the plat made by the surveyor, with said protest, to the clerk of the superior court of the county or counties where the disputed land lies (copies being sent the adjoining counties) ; and it shall be the duty of the clerk to enter the same on the issue docket, as other causes, to be tried in the same manner and under the same rules as other cases. The verdict of the jury and the judgment of the court shall be framed to meet the issue tried and decided; Provided, that it shall not be necessary to run any lines between adjoining landowners except the lines in dispute." (Italics ours.)

That part of the protest, the dismissing of which is excepted to, is set forth in the statement of facts. An examination of this instrument shows that it is subject to general demurrer as it fails to constitute a protest as contemplated by the Code section pro-

viding for the same. It fails to specify therein the line objected to and it fails to specify the true line as claimed by the protestant. An oral motion in the nature of a general demurrer was made to dismiss the same.

The judgment of the trial court sustaining this motion and dismissing the purported protest is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*