### 34765. DAVIS *et al. v.* STONE.

TOWNSEND, J. 1. In a processioning proceeding, it is necessary for the return of the processioners, together with the plat and certificate of the surveyor, to show affirmatively that a line has been run and marked anew by the processioners, and to locate the land, the boundaries of which are so re-established; otherwise, the proceedings will be dismissed for want of jurisdiction. *Rawls* v. *Nowell,* 133 *Ga.* 874 (67 S. E. 187); *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200).

2. Where a protest is filed to the return of the processioners, and the issue tried in the superior court, the protest must specify with exactitude the lines objected to, and the location of the true lines as claimed by the protestant. *Edenfield* v. *Lanier,* 77 *Ga. App.* 535 (2) (48 S. E. 2d 777). On the trial of the issue formed by such return and such protest, the verdict sustaining the return of the processioners, which return is made the judgment of the court, is conclusive upon the parties and their privies in title. *Howland* v. *Brown,* 92 *Ga.* 513 (17 S. E. 806).

3. Where, as here, the application, notice, and return of the processioners, affirmatively show that the applicant owned land in the 1130th District, G. M., of Atkinson County, and that the lines petitioned to be run and actually run were the north and east lines of her land, respectively, between the estate of Melvin L. Davis on the north, and of Harley Davis on the east; and where the surveyor's plat attached to such return contains as identification the words, "Lot 204, 6th District," and shows thereon that the starting point was in the northwest corner of the land lot, and followed a line marked as "original lot line" a stated angle and distance, marking the division between the applicant's and M. L. Davis' estate, and then proceeded at approximately right angles on a stated course, dividing the lands of the applicant and Harley

Davis, and where the protest contends merely that the true lines are from 93 to 105 yards south, and 36 feet west, of the lines run by the processioners and surveyor—such pleadings and plat affirmatively show: (1) that the land, the boundaries of which were so relocated, lies in the northwest corner of land lot 204, 6th District, 1130th District, G. M., of Atkinson County; and (2) that no protest was filed by the defendants on the ground that the location of such boundary lines was so vague that the same could not be identified by them.

Accordingly, there is no merit in the general grounds of the motion for new trial, the overruling of which was assigned as error, or in the special grounds, which contended that the plat attached to the return of the processioners should have been excluded on the objection that it did not appear therefrom where the land was located, and that the proceedings on appeal should have been subsequently dismissed on motion based on the same premises.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953.

*L. A. Hargreaves, Gibson & Maddox,* for plaintiffs in error.