## 37674. HITCHCOCK *et al. v.* DEFREESE.

GARDNER, Presiding Judge. W. O. Defreese filed his application for processioning under the law, addressed to G. W. McGuire and two other named persons as processioners, and alleged that he owned certain described lands, and set up in the application that same contained 170 acres in Paulding County. The applicant alleged that he desired the lines on the north, west and south of land lot 60 in the first and third sections of Paulding County to be surveyed and marked anew, and alleged that the owners of the adjoining lands were J. Hugh Hitchcock, Frank Hitchcock and Mrs. W. O. Hitchcock. Notice to said adjoining owners was properly given in writing by the named processioners on September 26, 1958. Thereafter, on October 9, 1958, said processioners having surveyed said lines anew gave to the ordinary of said county the lines so marked anew on the three sides named, attaching to same a certified plat.

J. Hugh Hitchcock, Frank Hitchcock and Mrs. J. O. Hitchcock, owners of adjoining lands, were not satisfied with the lines as run by the processioners, and within 30 days after said processioners filed their return said J. Hugh Hitchcock, et al. filed their written protest thereto specifying that the line as run along their property was not the true line between their property and that of W. O. Defreese; that the true line between their property and that of DeFreese is 660 feet east of the line run and marked by said processioners and the surveyor at the west side of the public dirt road which runs in a north and south direction between the lands of these protestants and Defreese. The protestants alleged that said public dirt road had been recognized as being the true line between the properties of the parties for more than 30 years and has been acquiesced in as such by said Defreese, and by his predecessors in title; that this recognition, agreement and acquiescence "has been accompanied for a period in excess of 30 years" by the use of the lands by said protestants, and their "enjoyment and possession of the land

lying west of said road as shown on the plat of the surveyor," attached to the return, and their said "use, enjoyment and possession of the lands . . . has been actual, open, notorious and peaceable, heretofore consented to and unquestioned by the said Defreese and his predecessors in title for a period of more than 30 years."

The applicant demurred to said written protest on the ground that the protestants failed to set out and show the lot numbers and failed otherwise to show that they owned any land adjoining that portion of lot 60, west of the public road, which is alleged to be the true boundary line; that they failed to show what interest, if any, they have in the portion of lot 60 west of said public road; failed to show what lands they have reference to when they alleged that the public road runs north and south between the respective lands of the protestants and the applicant; failed to set out when said public road was made the boundary line between any lands owned by them and the applicant, and failed to set out the names of any of their predecessors in title. The applicant prayed that such written protest be dismissed by the ordinary. The protestants did not set out any plat and survey contrary to that appended to the return of the processioners. All the proceedings, including the returns and the written protest, were transmitted by the ordinary of the county to the superior court.

After hearing the argument, the Judge of the Superior Court of Paulding County sustained the demurrer of the applicant to said written protest and gave to the protestants 30 days within which to amend. When no amendment was filed within the time given, the court sustained said general demurrers and dismissed the written protest of the protestants.

Taking into consideration the return of the processioners in this case and the written protest filed thereto, issues of fact are involved as to the true land line between these adjoining landowners, and whether said public road was the line, and if so, when it had become the line as claimed. Therefore, it was error to sustain the general demurrers of the applicant to said written protest and dismiss same and for the court not to hear evidence on the issues thus formed. See Code § 85-1609.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 20, 1959—REHEARING DENIED JUNE 11, 1959.

702

*John T. Perren,* for plaintiffs in error.

*Otis L. Davis,* contra.