37979.   HUFF *v.* HOLLEY.

DECIDED JANUARY 29, 1960—REHEARING DENIED
MARCH 18, 1960.

*W. Tom Veazey, T. Reuben Burnside,* for plaintiff in error.
*Carlton G. Matthews, Jr.,* contra.

FELTON, Chief Judge.   ■ In support of the general grounds of the motion for new trial, the protestant contends that the proces-

sioners did not mark anew the existing line but established a new line by compromise as shown by the following testimony of Silas Huff, one of the processioners: "Now this line up here was never run that morning, we run it up here in the road and there was about 5 or 6 feet difference in Ralph, where he said the corner was and where Mr. Park said it was. . . And late that afternoon me and Mr. Rabun, Mr. Elam, Mr. Park and Ralph, we sit down there beside the road, and I said to them, we talked it over, there is 6 feet on one side and about 12 or 12 feet [sic] on the other end, why not split that line right wide open in a v-shape and both agree to it and establish a corner. They both agreed to it and gentlemen we established that line, we put the corners down and I left satisfied, thinking it was all done, through." It is true that the duty of processioners is to retrace and mark anew established lines and not to run new lines, and that a line established merely by compromise on the part of the processioners is not the true line. *Hackle* v. *Bowen*, 89 *Ga. App.* 799, 805 (81 S. E. 2d 294). While the testimony quoted above indicates that a portion of the line was fixed by compromise at the suggestion of one of the processioners, it also indicates that the adjoining landowners entered into a parol agreement recognizing this as the true line. Further evidence of such agreement is found in the testimony of Aaron D. Rabun, another of the processioners: "Mr. Ralph Huff was present at the time and Mr. P. L. Holley was also present. An agreement was entered into between the parties as to the existence of this line, that that was the line existing between the two of them." Further evidence in the record indicates that physical monuments were erected upon the agreed line and that this line is the one which was found to be the true line in the return of the processioners.

It is well settled that an unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement is accompanied by actual possession to the line or is otherwise duly executed. Such an agreement may be fully executed by the erection of physical monuments upon the agreed line and, when made and executed, is immediately binding upon the makers. *Tietjen* v. *Dobson*, 170 *Ga.* 123 (4) (152 S. E. 222, 69 A. L. R. 1408); *Wright* v. *Anthony*, 205 *Ga.*

47 (1) (52 S. E. 2d 316). There being evidence from which the jury could find that such an agreement was made between the parties to this case and duly executed so as to be immediately binding upon the makers, the verdict of the jury upholding the return of the processioners finding such line as the true line is supported by the evidence and the general grounds of the motion for a new trial are without merit. Nothing in this opinion should be taken as indicating that processioners can establish an entirely new line, since their return here simply finds the boundary established by the executed parol agreement as the true line. Although this agreement was not made between the adjoining landowners until after the commencement of the processioning proceedings, the boundary line established by it was effective from the moment of its execution and the processioners could at any time thereafter find it as the true line, which is the finding that they made in this case.

■ Special ground 1 of the motion for a new trial assigns error on the refusal of the court to strike the testimony of Silas Huff quoted above relative to the agreement between the parties establishing the line and upon the failure to instruct the jury that the evidence was limited to the purposes of impeachment of the protestant, who had denied that such an agreement was made. Special ground 2 assigns error on the failure to instruct that the testimony of Aaron D. Rabun quoted above should likewise be limited to impeachment purposes. In both instances, counsel had offered the testimony concerning the agreement for impeachment purposes only. For the reasons stated above, the admissibility of this testimony was not limited to the purpose of impeachment. The evidence being otherwise admissible, the court did not err in failing to restrict the jury to consideration of it for the limited purpose stated by counsel in his offer. Special grounds 1 and 2 are therefore without merit.

■ Special grounds 3, 4 and 5 complain of certain alleged errors in the instructions of the court concerning consideration by the jury of a plat made in a prior processioning proceeding in 1925 which purportedly established the same land lines now in question. Each of these assignments of error is predicated on the theory that the line established in the 1925 proceedings is

'final and binding on the parties to the instant action. The record reveals that no protest was filed in the 1925 proceedings and the return of the processioners was not made the judgment of the superior court. "Where processioners have duly made out and certified a plat as required by law, and no protest is filed to the same, such plat and the lines marked thereon are only prima facie correct." *Howland* v. *Brown*, 92 *Ga.* 513 (17 S. E. 806). See also in this connection *McGraw* v. *Crosby*, 129 *Ga.* 780, 784 (59 S. E. 898) ; *Chambers* v. *Netherland*, 145 *Ga.* 52 (1) (88 S. E 545). Under this ruling, special grounds 3, 4 and 5 are without merit.

■ The court did not err in refusing to grant the protestant's amended motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*