45102.   MOORE et al. v. GEORGIA POWER COMPANY.

SUBMITTED FEBRUARY 2, 1970—DECIDED JUNE 16, 1970.

*John G. Davis*, for appellants.

*Knox Bynum*, for appellee.

QUILLIAN, Judge. On the trial of the issue formed by the filing of the protest, a verdict which is made the judgment of the court is conclusive upon the parties and their privies in title. *Howland v. Brown*, 92 Ga. 513 (17 SE 806); *Davis v. Stone*, 88 Ga. App. 766 (77 SE2d 775). However, where the processioners file the plat and return and no protest is made to the same, such plat and the lines marked thereon are only prima facie correct. *Huff ·v. Holley*, 101 Ga App. 292, 295 (113 SE2d 493); *Bradley v. Chattanooga Iron &c. Co.*, 144 Ga. 478 (87 SE 465).

*Code* § 85-1609 provides that after a protest is filed with the ordinary the proceeding is transmitted to the superior court where the case is docketed and tried "in the same manner and under the same rules as other cases." Where the parties bore the same relation to one another as in the case sub judice, it has been pointed out that on the trial of the protest "the applicants stood in the position of plaintiffs, and the protestants stood. in the position of defendants." *Philpot v. Wells*, 69 Ga. App. 489, 492 (26 SE2d 155). In this same context, the protest is analogous to a defensive pleading. *Earney v. Owen*, 213 Ga. 412 (99 SE2d 201). Therefore, the dismissal of the protest is substantially equivalent to the dismissal of an answer. See *Edenfield v. Lanier*, 77 Ga. App. 535 (48 SE2d 777). Prior to the Appellate Practice Act, our appellate courts held that since the case was still pending an order striking an answer or plea was not a final judgment. *Darden v. Roberts*, 193 Ga. 637 (19 SE2d 270); *Personal Credit Corp. v. Goldwire*, 88 Ga. App. 125 (76 SE2d 129). A ruling on an attempt to reinstate or reinstitute a protest would have no higher standing. From the

foregoing it is apparent that the case is still pending in the superior court until disposed of by entry of the final judgment.

In the case of *Hitchcock v. Defreese,* 99 Ga. App. 700 (109 SE2d 631), this court passed upon the sustaining of a demurrer to a protest but made no ruling upon the jurisdictional aspects of the case. It is at most a physical precedent and, insofar as it is contrary to numerous rulings of the Supreme Court that the dismissal of a plea or answer was not an appealable judgment, it will not be followed.

In the absence of a final judgment, the trial court must enter the certificate of review under the provisions of Section 1 of the Appellate Practice Act, as amended, *Code Ann.*§ 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073); otherwise, the appeal is premature. *Melton v. Grider,* 119 Ga. App. 376 (166 SE2d 915), *Norbo Trading Corp. v. Wohlmuth,* 223 Ga. 258 (154 SE2d 224). The appeal having been taken from a judgment that is not final and no certificate having been entered, it must be dismissed.

*Appeal dismissed. Bell, C. J., and Whitman, J., concur.*