## 45618.   MARTIN v. McCARTNEY.

QUILLIAN, Judge. The instant appeal arises out of a processioning proceeding. The protestant appeals to this court from the judgment of the trial court sustaining the applicant's motion to dismiss the protest. *Held:*

The order dismissing the protest or appeal was not final and, absent a certificate of review entered by the trial court under provision of *Code Ann.* § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073), the appeal is premature. *Moore v. Ga. Power Co.,* 122 Ga. App. 54 (176 SE2d 236).

In *Fagan v. McTier,* 81 Ga. 73 (6 SE 177), the Supreme Court in considering an appeal under what is now *Code Ch.* 6-5, pointed out the distinction between the dismissal of an entire case and the dismissal of an appeal. In the latter situation, the court noted that the rights of all the parties are the same as if no appeal had been entered. The *Fagan* decision, while not completely apposite, is analogous to the situation here. If the applicant obtains a judgment, approving the finding of the processioners, the protestant can appeal from that judgment and enumerate as error the antecedent ruling which dismissed the protest. However, if no such final judgment is obtained, the rights of the parties would be the same as if no appeal had been entered. Where no appeal is taken from the processioning proceeding, the plat and lines marked are only prima facie correct. *Huff v. Holley,* 101 Ga. App. 292, 295 (113 SE2d 493), and *Bradley v. Chattanooga Iron &c. Co.,* 144 Ga. 478 (87 SE 465); aliter where a verdict is rendered sustaining the return of the processioners and such return is made the judgment of the court. *Howland v. Brown,* 92 Ga. 513 (17 SE 806). Thus, under such circumstances the issues are still open for determination in any subsequent litigation.

*Appeal dismissed. Bell, C. J., and Whitman, J., concur.* ARGUED SEPTEMBER 9, 1970—DECIDED NOVEMBER 12, 1970.

*James M. Nichols,* for appellant.
*Vaughn & Barksdale, Clarence R. Vaughn,* for appellee.