71690. NICHOLS v. PURVIS.
(344 SE2d 692)

BENHAM, Judge.
This is an appeal from a judgment entered on a jury verdict in a processioning case. See OCGA Ch. 44-4. In two enumerations of error, appellant contends that the trial court erred in denying his motions for directed verdict, judgment notwithstanding the verdict, and new trial. We disagree and affirm.

1. "The standard for granting a directed verdict or a judgment notwithstanding the verdict are the same. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50." *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983). "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Speir v. Williams*, 146 Ga. App. 880 (1) (247 SE2d 549) (1978).

The record of this case shows that appellee made a prima facie case by introducing the plat and return of the processioners (*Wood v. Hamilton*, 109 Ga. App. 608 (1) (137 SE2d 61) (1964)), and appellant attacked the foundation of that case with evidence that the processioners were not clear as to their duties and did not consider all the relevant facts. However, in addition to making out a prima facie case, appellee elicited testimony to the effect that all the pertinent deeds, plats, and claims were considered and that the return of the processioners was based on boundary lines as they found them on the ground. Applying the standards enunciated above to the record of this case, we find no error in the trial court's denial of appellant's motions for directed verdict and judgment notwithstanding the verdict.

2. Since, as noted above, there was evidence to support the verdict, the denial of appellant's motion for new trial, which was based on the same evidentiary grounds as his other motions, will not be upset on appeal. *Ricketson v. Fox*, 247 Ga. 162 (2) (274 SE2d 556) (1981).

3. Appellant's contention that the judgment must be reversed because the processioners did not mark the boundary lines around all of appellee's property is without merit. Where the only dispute is between two adjoining landowners, a survey of other boundaries is unnecessary. *Groover v. Durrence*, 36 Ga. App. 543 (5) (137 SE 299) (1927). The cases cited by appellant, *Martin v. Cauthen*, 77 Ga. 491 (1886), and *Gillis v. Taylor*, 127 Ga. 676 (56 SE 992) (1907), were decided under the processioning statute as it was prior to the 1901 amendment (Ga. L. 1901, p. 39), "which requires only the line desired to be established to be surveyed and marked anew." *Gillis*, supra at 678.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1986 —
REHEARING DENIED APRIL 24, 1986 —

*James E. Stein*, for appellant.

*James G. Johnson, Jr.*, for appellee.