74150. COASTAL SUPPLY COMPANY, INC. v. WHITE.
(357 SE2d 875)

POPE, Judge.

Plaintiff Coastal Supply Company, Inc. brought suit against defendant Johnny White on an open account and note. The jury returned a verdict for plaintiff as to the amount owed on the note and for defendant on the account. Plaintiff's sole enumeration of error on appeal concerns the trial court's denial of its motion for directed verdict as to its claim on the open account.

" 'A motion for directed verdict is to be granted only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict. OCGA § 9-11-50 (a); *Mercer v. Woodard,* 166 Ga. App. 119, 127 (13) (303 SE2d 475) [(1983)].' *Doyle v. Estes Heating &c.,* 173 Ga. App. 491, 493-494 (3) (326 SE2d 846) [(1986)]." *Smith v. Allen,* 180 Ga. App. 624, 625 (349 SE2d 548) (1986). " 'In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. (Cits.)' [Cit.]" *Nichols v. Purvis,* 178 Ga. App. 826, 827 (344 SE2d 692) (1986).

The record shows the trial court allowed plaintiff's manager, based on his personal knowledge of plaintiff's accounts, to testify from a summary of the amounts defendant allegedly owed on the open account, but did not allow the summary to be admitted into evidence. Defendant testified, in essence, that he could not determine what amounts, if any, he owed to plaintiff without reviewing each and every invoice, based on his belief that he had been overcharged for many items, that he had been denied credit for certain items allegedly paid, and that he had been charged for items he had not received.

Plaintiff argues that defendant's testimony was vague and con-

tradictory and therefore should have been construed against defendant on plaintiff's motion for a directed verdict. See *Johnson v. Curenton*, 127 Ga. App. 687 (195 SE2d 279) (1972). We have reviewed defendant's testimony and disagree that it was vague and contradictory as plaintiff contends. Rather, we believe defendant has consistently disputed his indebtedness to plaintiff on the open account and thus the evidence of plaintiff's indebtedness, if any, was in conflict. Thus, we believe the amount of indebtedness, if any, was for the jury's determination and the trial court did not err in denying plaintiff's motion for a directed verdict. *Kirk v. Barnes*, 147 Ga. App. 423 (249 SE2d 140) (1978); *Ross v. Yancey Bros. Co.*, 141 Ga. App. 452 (233 SE2d 847) (1977). Moreover, we will not on appeal disturb the jury's determination when there is evidence to support the verdict. *Sikes v. Folsom Constr. Co.*, 151 Ga. App. 630 (1) (260 SE2d 755) (1979).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987.

*Malcolm F. Bryant, Jr.*, for appellant.
*Charles W. Cook*, for appellee.