Rattaree *vs.* Morrow.

---

# RATTAREE *vs.* MORROW.

1. Where a protest is filed to the report of processioners by the party notified, and on the trial evidence is introduced on both sides, the applicant for the proceeding stands in the place of a plaintiff or movant in an ordinary cause, and is entitled to open and conclude the argument.

2. Processioners should have the line around the entire tract of the applicant surveyed and marked; and this must be done in order to make the lines between adjacent owners *prima facie* correct, and admissible in evidence without further proof. Where it is apparent on the face of the papers that this has not been done, the return is without legal effect under the processioning laws. But where only one line was run and marked, and the case was tried in the court below upon an issue as to the correctness of the line so marked, and no objection was made on account of the failure to survey and mark all of the lines, after a verdict finding in favor of the line surveyed and marked, this court will not set aside such verdict as contrary to law and evidence, on the ground that such failure existed in fact, as shown by the evidence.

(*a.*) The plat of the surveyor and the return of the processioners are both necessary parts of the proceedings, and neither is complete without the other. It was, therefore, error to reject the return of the processioners, and admit the plat of the surveyor; but this rejection furnishes no ground for reversal on behalf of the party at whose instance it was done.

(*b*) The protest may be amended at any stage of the cause, and it may be that if the return of the processioners, including the plat, showed a failure to ascertain the boundaries of the entire tract, and mark them, the court would have no jurisdiction to take further cognizance of the case. Such is not the case here.

February 2, 1884.

Processioning.   Practice in Superior Court.   Evidence. Practice in Supreme Court.  Before Judge HAMMOND.  Clayton Superior Court.   February Term, 1883.

Morrow petitioned the processioners of the 548th district, G. M., to have the lines around his place surveyed and marked anew.   The processioners made a return which stated that they had, together with the county surveyor, surveyed, traced and marked "a new line between H. L. Morrow and Alex. Ratteree impartially, and to the best of our ability, and that the above and foregoing plat is one made by county surveyor, and that the above is a description of the line surveyed, traced and marked by us."   Accompanying this was a plat of the county surveyor, which he certified to be a true representation of "the lines" between Ratteree and Morrow.   A protest was filed, on the ground that the line as run was not the correct line, and on this a trial was had.   No exception was taken in the protest to the fact that only one line was run, but that fact appeared from the evidence.

The court held that the petitioner was entitled to open and conclude.   He put the plat in evidence, and closed. Objector moved for a non-suit, which was refused.   Much other evidence was introduced as to the correctness of the line run.   The jury found in favor of the line as surveyed and marked.   Objector moved for a new trial, alleging error on each of the rulings stated, and that the verdict was contrary to law and evidence.   The motion was overruled, and he excepted.

T. P. WESTMORELAND ; J. T. SPENCE, for plaintiff in error.

W. L. WATTERSON, for defendant.

HALL, Justice.

1. This case makes two questions : 1st. Where a protest is filed by the party notified, to the report of processioners,

is he or his opponent entitled, upon the trial of the issue made by the protest, to begin and conclude the argument before the jury? There is no direct rule upon the subject, and no reason occurs to us why the applicant for the proceeding is differently situated from any other plaintiff or movant, in respect to this question. Where there is evidence on both sides, the plaintiff has the right to open and conclude the argument.

2. Under the facts of this case, were the proceedings of the processioners void? In *Watson vs. Bishop et al.*, 69 *Ga.*, 51, we held that "processioning was designed to prevent controversies concerning boundaries of land between adjacent owners, by having the lines around the entire tract of an applicant surveyed and marked, and this must be done in order to make the lines between such adjacent owners *prima facie* correct and admissible in evidence without further proof. Where it is apparent on the face of the papers that the processioners have not complied with this requirement, their return is without legal effect under the processioning laws." In the present case, it is insisted that this defect in fact existed, although it was not apparent on the face of the papers, and although no protest was made to the return on this special ground, yet it appeared in the evidence adduced on the trial of the protest, and for that reason the verdict finding in favor of the processioners' line was contrary to law, and should have been set aside upon protestant's motion, and a new trial granted.

The petitioner for the processioning asked that the lines around the tract of land in his district be surveyed and marked anew; the protestant was only notified, and was present at the processioning, and made no objection, then or afterward, because the lines around the entire tract were not run, and because only one of these lines was surveyed and marked anew, this being the line that separated his lands from the applicant's. The plat made out and returned by the surveyor is certified to be a true representation of the lines between applicant and protestant, while

the report of the processioners shows that they only sur-
veyed and marked one line, that which divided the lands
of applicant and protestant.   The protest set up that this
was not the true line, but another one was, which was
therein pointed out.   On the trial of this issue, there was
much conflicting evidence, and the jury, as we have said
before, found in favor of the line surveyed and marked
anew by the processioners.   The court admitted the sur-
veyor's plat over the objection of protestant, but rejected
the report of the processioners, on his objection, upon the
ground that this was not properly returned to the court;
that the surveyor's plat alone was properly returned, and
that alone was *prima facie* evidence under the statute.
We think this latter ruling was erroneous; that both are
necessary parts of the proceeding; and that one is incom-
plete without the other, is apparent from §2392 of the
Code, which requires the processioners to make a return
of their acts, together with the plat of the surveyor, to
the ordinary of the county, to be kept of file in his office,
when taken in connection with Code, §2390, which provides
for the making and filing of a protest by the owner of
adjoining lands to the lines as run by the processioners and
surveyor, and for the return of the proceedings, together
with the protest, to the superior court for trial.

It is true, as contended by protestant, that it is the sur-
veyor's duty to make out and certify a plat of the lines,
etc., and to deliver a copy thereof to the applicant, which, in
all future disputes arising in respect to the boundary lines of
the tract, with any owner of adjoining lands, having notice
of the processioning, would be deemed *prima facie* correct
and admissible in evidence without further proof.   Code,
§2386.   Whether the rule of evidence provided for under
this section obtains on the trial of the issue made by the
protest, may admit of doubt; but the entire proceeding
duly returned is in the nature of a judgment, and is *prima
facie* binding until set aside, and under that view is ad-
missible in evidence to shift the *onus*, and if not success-

fully assailed, or acquiesced in, would, it seems to us, be conclusive to the extent of its legal force and effect. This error of the court, in rejecting the return of the processioners, is one, however, of which the protestant cannot avail himself, since it was made on his own motion. It is also true that the protest may be amended at any stage of the cause, and it may be that, if the return of the processioners, including the plat of the surveyor, showed a failure to comply with the law, in not ascertaining the boundaries of the entire tract, and marking them, that the court would have no jurisdiction to take further cognizance of the case. ( *Watson vs. Bishop*, 69 *Ga*, 51, 54.) Yet such is not the case here; the want of these jurisdictional facts, if such they be, is not apparent upon the face of these proceedings. The conduct of this protestant throughout the trial, and indeed the entire proceeding, until the case reached this court, would imply strongly their existence; surely, he cannot be permitted to try the experiment of obtaining a verdict in his favor, and holding back this controlling point in the event of his failure, to make use of it to defeat and overthrow his adversary. This would be to trifle with the process of the law, and to try before this court questions waived in the lower court, and not passed upon in the trial of the cause. There is nothing upon which error can be assigned here; it is the judgment, ruling, or decision alone of that court, that can be reviewed here, upon a specification of errors distinctly alleged.

Judgment affirmed.