## PHILLIPS *vs.* CHAPMAN.*

Where, on a proceeding to procession certain land, an adjoining landowner, between whose land and that of the applicant the disputed line lay, was given ten days' written notice of the time of marking the line, but on the day appointed for the purpose, the line could not be traced, on account of the severity of the weather, and it was postponed to a future day, of which such adjoining owner had verbal notice, and on that day, the processioners proceeded to discharge their duty, and caused a plat of the survey to be made and delivered to the applicant, and a return to the superior court was made, this was a substantial compliance with §2385 of the code; and on a subsequent action of trespass *quare clausum fregit* by the applicant against the adjoining land-owner, involving the land processioned, the return of the processioners was admissible in evidence.

January 25, 1887.

Processioning. Notice. Evidence. Before Judge LAWSON. Jones Superior Court. October Term, 1885.

Reported in the decision.

LOFTON & MOORE, for plaintiff in error.

R. V. HARDEMAN; LANIER & ANDERSON, by brief, for defendant.

HALL, Justice.

The only question in this case is, whether the return of certain processioners was competent evidence on the trial

---

*JACKSON, C. J., did not preside in this case, on account of providential cause.

of an action of trespass *quare clausum fregit* between adjacent land proprietors.   It appears that the defendant in the action had ten days' written notice of the time of marking the line.   On the day appointed for the purpose, however, the line could not be then traced and marked on account of the severity of the weather, and it was postponed to a future day, of which the defendant had verbal notice.   He did not see proper, however, to attend, but the processioners proceeded to discharge their duty, and caused a plat of the survey to be made by the surveyor and delivered to the applicant in accordance with the act of the General Assembly.   From the meager statement of facts agreed upon by the parties, it seems that the proceedings were returned, as we are authorized to infer, to the superior court.   The premises alleged to be trespassed upon were, according to the processioners' return, within the plaintiff's line.   The return, when offered, was objected to upon the grounds above stated, but the objections were overruled, and the evidence admitted.

We think there was no error in this.   While the code, §2385, requires ten days' written notice of the time for marking the line to be given, and restrains the processioners from proceeding to run it, until satisfactory evidence of the service of the notice shall be produced to them, yet where the notice has been given and the processioning is for any cause postponed to another day, no provision is made for the kind of notice to be given of the postponement.   If the party complaining really had notice of the postponement, verbal or written, we think this a substantial compliance with the act.   Section 2386 of the code provides that, when the plat is made out and delivered to the party asking the processioning, and certified by the surveyor as provided, it shall be considered *prima facie* correct, and shall be admissible in evidence without further proof.   Had the defendant sought to deprive it of this effect, he could have done so by filing his protest to the same within thirty days after the lines were run and marked,

stating in such protest the lines objected to and the true line as claimed by him. It would have then been the duty of the processioners to return all the papers, including the plat made by the surveyor, with the protest, to the clerk of the superior court of the county where the disputed land lay; and it would then become the duty of the clerk to enter the same on the issue docket, as other cases, to be tried in the same manner and under the same rules. The verdict of the jury and the judgment of the court would then be framed to meet the issues to be tried and decided.

Judgment affirmed.