GARRETT *v.* MASSEE & FELTON LUMBER COMPANY.

1. Where written notice is given of the time fixed for tracing a line by processioners, and, on assembling at that time, for some reason the processioning can not then be done, and the matter is postponed to a later day, verbal notice of such postponement may, be given to the landowners interested, and further written notice is not required.

2. Where application was made to have land processioned, and the return of the processioners showed 'that they appointed a day and met pursuant to such appointment, that satisfactory evidence was produced to

them of the service of written notice ten days in advance, as required by law, and that on a day named (which was later than that mentioned in the written notice accompanying the return) the disputed line was run and marked, the proceedings will not be held necessarily void and subject to be dismissed on motion because on the face of the return it does not appear that an owner of adjoining land was notified of the day to which the matter was postponed.

(a) In such a case, on the trial of a protest to the return of the proces-- sioners there was no error in admitting evidence to show that in fact the protestant was present on the day first set and when the postpone- ment was made, and was also present when the work began, but left, before its completion because he was dissatisfied with the line which was being run and marked.

3. An objection that one of the processioners was not competent as a wit- ness to prove such facts, because it was in the nature of impeaching his finding, was without merit.

APRIL 27, 1910.

Processioning.   Before Judge Mitchell.   Berrien superior court.   January 15, 1910.

*Hendricks & Christian,* for plaintiff in error.

*Buie & Knight,* contra.

LUMPKIN, J.   A tract of land was processioned.   A protest was filed to the return of the processioners, claiming that the line run and marked was not the correct line, but another was.   The papers. were returned to the superior court.   When the case was reached,. the protestant moved to dismiss the proceedings, because there was. no entry of service of the notice, and because the notice accompany-- ing the return showed that the day set was September 17, 1907, while the line was not run and marked until October 9th.   The re-- turn recited, that application for the processioning was made, and a day therefor appointed; that the processioners met pursuant to such appointment; that satisfactory evidence was produced to them of the service of ten days notice, as required by the statute, upon adjoining landowners; and that on October 9th, 1907, the lines. were run and marked.   Accompanying the return was a copy of the written notice, which stated that September 17th was the day fixed for tracing and marking the line.   The presiding judge ad- mitted evidence to show that the processioners met on September 17, and the protestant was present, but a postponement was had till October 8, because the surveyor could not be present, and then the running and marking of the line was begun, but was not com- pleted till the next day; that the protestant knew of the postpone--

ment and was present on October 8, when the processioning began, but refused to remain, because he did not agree to the line which they were running. The motion was then overruled.

By the Civil Code, § 3244, it is provided, that an owner of land who desires the lines around the tract to be surveyed and marked anew may apply to the processioners of the district to appoint a day when the majority of them, with the county surveyor, will trace and mark such lines; that ten days written notice of the time of such running and marking shall be given to all the owners of adjoining lands, if resident within the State; and that the processioners shall not proceed to run and mark the lines "until satisfactory evidence of the service of such notice shall be produced to them." Section 3245 prescribes the duty of the surveyor and processioners to trace and mark the lines, and of the surveyor to make a plat and deliver a copy of it to the applicant, and declares that in any future dispute in reference to the boundary line with any adjoining landowner, having due notice of the processioning, such plat and the lines so marked shall be prima facie correct. Section 3249 (amended by Acts 1901, p. 39) provides that a dissatisfied owner of adjoining land may file a protest, and the papers shall then be returned to the superior court for trial.

In *Phillips* v. *Chapman,* 78 *Ga.* 163 (1 S. E. 427), it was held that where, on the day appointed, the line could not be traced, on account of the severity of the weather, and the proceeding was postponed to a future day, of which the adjoining landowner had verbal notice, and the processioning was then had, this was sufficient, and in a subsequent action the return of the processioners was admissible in evidence. If so, the fact that the report does not on its face show that verbal notice of the postponement was given would not render the proceedings necessarily void. If verbal notice will do, it can be proved by parol.

There was no error in admitting evidence to show that the protestant was not only present at the time originally set and notified of the postponement, but was present when the surveying and marking of the line was begun, and left before it was completed; or in overruling the motion to dismiss the proceedings.

*Judgment affirmed. All the Justices concur.*