## GEORGIA TALC CO. *v.* COHUTTA TALC CO.

1. On the issue formed by a protest to the return of processioners, the burden is on the applicant to make a prima facie case.

2. The statute provides that land processioners, in the location of the line between coterminous landowners, shall follow certain rules; one of which is that acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line; and another is that actual possession under a claim of right for more than seven years shall be respected and the lines so marked as not to interfere with such possession. An instruction applying these rules was not cause for new trial because the court referred to the time of acquiescence and actual possession as "a term of years as the law prescribes" and "a number of years," where in immediate connection therewith he also instructed the jury in the language of the Civil Code, §§ 3821, 3822, that such acquiescence or· actual possession must exist for seven years. The evidence authorized the charge complained of.

3. The issue formed by a protest is not of title, but of boundary; and though the charge of the court on adverse possession for twenty years as giving a prescriptive title may have been inapplicable, it was not injurious to the losing party.

4. Civil Code § 3819, which declares that when the surveyor's plat shall be certified as required, in all future disputes arising in reference to the boundary lines of the tract surveyed such plat shall be considered prima facie correct, is inapplicable to the issue before the court formed by a protest to the processioners' return. But the giving of this section in charge was not prejudicial to the losing party, because in the trial of an issue formed by a protest the return of the processioners is to be deemed prima facie correct.

5. As it was not sought to impeach any witness by evidence introduced for that purpose, it was not error to instruct the jury: "The law presumes all witnesses are honest and tell the truth, until the contrary appears by proof."

6. Other assignments of error are without merit, and the evidence supports the verdict.

JULY 16, 1913.

Processioning. Before Judge Fite. Murray superior court. September 10, 1912.

*W. E. Mann,* for plaintiff.   *C. N. King,* for defendant.

EVANS, P. J.  The Georgia Talc Company and the Cohutta Talc Company own adjoining lots of land. The former gave notice to the latter in order to have the line between the respective lots processioned in accordance with the statute. The processioners caused the land to be surveyed and a plat of the same made by the county surveyor, which plat was returned by them pursuant to the statute and filed in the office of the ordinary. The applicant, being dissatisfied with the line as run and marked by the processioners and surveyor, filed his protest, and the papers were returned to the superior court for trial. The jury sustained the return of the processioners.

1.  The court ruled that the burden of proof was upon the applicant. This ruling is sustained by the decisions in *Rattaree* v. *Morrow,* 71 *Ga.* 528, and *Chism* v. *Wilkerson,* 134 *Ga.* 636 (68 S. E. 425). In the former case Hall, J., said: "There is no direct rule upon the subject, and no reason occurs to us why the applicant for the proceeding is differently situated from any other plaintiff or movant, in respect to this question. Where there is evidence on both sides, the plaintiff has the right to open and conclude the argument."

2.  Complaint is made of an instruction that if the jury should find that the line had been acquiesced in by the owners of the adjoining land for a number of years, or if the Cohutta Talc Company had actual possession of the land between the two lines for a term

of years as the law prescribes, they should find against the protest. The criticism is that the jury were not told the term or number of years necessary to fix a line by acquiescence or actual possession. This particular excerpt is open to such criticism, but in immediate connection therewith the court read to the jury the code provisions as follows: " . . Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code, §§ 3821, 3822. There was evidence to authorize the charge both upon acquiescence and actual possession.

3. The primary object of our processioning laws is to settle disputes of boundary lines between coterminous landowners. It is a summary proceeding, and is not designed to be a substitute for an action of ejectment. Title is not directly involved. In the instant case the court read to the jury certain sections of the code relating to adverse possession as constituting prescription. While these sections may have been inapplicable to the case, we do not think the losing party was injured by the court's reading them to the jury.

4. Civil Code § 3819 declares it to be the duty of the county surveyor to make out and certify a plat of the lines as run by him and the processioners, and to deliver a copy thereof to the applicant; and that "in all future disputes arising in reference to the boundary lines of such tract, with any owner of adjoining lands, having due notice of such processioning, such plat, and the lines so marked, shall be prima facie correct, and such plat . . shall be admissible in evidence, without further proof." The subject-matter of this section is the effect to be given to a plat made by the surveyor under the superintendence of the processioners, and filed as provided by law, in subsequent disputes between the coterminous landowners. It is inapplicable to the issue formed by a protest to the correctness of the plat. The return of the processioners and the plat of the surveyor are admissible in evidence in the trial of an issue formed by a protest to the processioners' return. They serve to make out a prima facie case, and, in the absence of any other evidence, would authorize a verdict sustaining the return. *Castleberry* v. *Parrish,* 135 *Ga.* 527 (69 S. E. 817). Inasmuch as

their introduction in evidence makes a prima facie case, the giving in charge of the section referred to was harmless error.

5. There was no attempt to impeach any witness by evidence introduced for that purpose. The court charged that "the law presumes all witnesses are honest and tell the truth, until the contrary appears by proof." This charge was not erroneous. *Cornwall v. State,* 91 *Ga.* 277 (5), 278 (18 S. E. 154). 40 Cyc. 2555.

6. There are other assignments of error, but we do not think they are of such a character as to require a new trial. They involve propositions which are well settled, and a discussion of them would be without any practical benefit. The evidence was sufficient to authorize the verdict, and no sufficient reason is made to appear for vacating it. *Judgment affirmed. All the Justices concur.*