24118. REYNOLDS *v.* KINSEY.

JENKINS, P. J. 1. In processioning proceedings, ten-days written notice of the time of running and marking the disputed boundary lines shall be given to all owners of adjoining lands, if resident within the State, and the processioners shall not proceed to run and mark such lines until they receive satisfactory evidence of the service of such notice. Civil Code (1910), § 3818. The time fixed by the written notice may, however, be postponed, and merely verbal notice of the new date fixed may be given to the interested landowners. *Garrett* v. *Massee & Felton Lumber Co.,* 134 *Ga.* 442 (67 S. E. 1036). Even though the written notice may incorrectly state the time when the lines are to be run and marked, and only oral notice be given to a landowner as to the time to which the meeting of the processioners is postponed (more than ten days after such written and oral notice to the landowner), he will be deemed to have waived any irregularity in his notice, where he meets with the processioners and the surveyor at the time fixed, files a protest to their return and to the plat of the surveyor, and participates in a trial in the

superior court on the merits of his protest. See *Garrett* v. *Massee & Felton Lumber Co.*, supra. The superior court therefore did not err in the instant case in overruling the objections of the protesting landowner to the admission in evidence of the return and plat, upon the ground that she had not received proper notice of the meeting of the processioners.

2. "The processioners shall make a return of their acts within thirty days, together with the plat of the surveyor, to the ordinary of the county, to be kept on file in his office;" and where a protest is filed with the ordinary to the return of the processioners, the plat must be returned with all other papers to the clerk of the superior court. Civil Code, §§ 3825, 3823. "The plat of the surveyor and the return of the processioners are both necessary parts of the proceedings, and neither is complete without the other." *Rattaree* v. *Morrow*, 71 *Ga.* 528. This is especially true where the return is incomplete in itself and refers to the plat for a description of the boundary line fixed by the processioners. The plat should not only be certified by the surveyor (§ 3819), but should be clearly identified as the one in question. It is unnecessary, however, under the statute, that the plat shall be attached to the return, even though the return may refer to it as "attached hereto," if it is sufficiently verified and filed with the ordinary within the statutory thirty days. Since, therefore, the plat in this case was properly certified by the surveyor, showed his survey of the property as on the same date as the meeting of the processioners, and was filed with the ordinary in the necessary time, and he returned it to the superior court with other papers of the applicant and the protesting landowner, as required by section 3823, the verity of the plat was shown at least prima facie, so as to authorize its admission in evidence, and was also conclusively shown where the landowner in her written protest, while objecting to the verification and identification of the plat and return, herself verified them by protesting the "line as represented by the plat and as represented by the return of the processioners as having been marked and traced, and by stating that "said processioners in fixing *said line, which is inserted in said plat*, made no effort to fix the true line," and *"fixed the line as shown by the plat filed in the office"* of the ordinary. The court, therefore, did not err in admitting in evidence the plat and return, over the objections as to the verity and time of filing of the plat.

3. In order to give the superior court jurisdiction over a protest to a return of processioners, it is necessary that a majority of the processioners with the surveyor shall have actually traced and marked the disputed boundary lines. Civil Code, § 3818; *Amos* v. *Parker*, 88 *Ga.* 754-756 (16 S. E. 200). But where a majority of the processioners so meet with the surveyor and actually trace and mark the lines, the proceedings are not invalidated by the fact that the lines as fixed in the return and plat may be the same as those in a previous return and plat, which was invalid because of insufficient notice to the parties, or that the last survey may be a resurvey of the lines as formerly surveyed. The evidence authorizing a finding that the lines were actually traced and marked by at least a majority of the processioners after survey by the surveyor, the verdict of the jury sustaining the return of the processioners in favor

of the applicant was not contrary to law upon the contention of the protestant that the procedure of the processioners and surveyor in running the disputed line was irregular.

4. "Where actual possession has been had, under a claim of right, for more than seven years, such a claim shall be respected, and the lines so marked [by processioners] as not to interfere with such possession." Civil Code, § 3822. "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." § 3821. Among other rules to be respected and followed by processioners, "natural landmarks . . shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the course and distances," courses and distances being "resorted to in the absence of higher evidence." § 3820. The issue on the trial of a protest "is not necessarily confined to the question of whether the line as marked by the processioners," under the statutory rules stated, "should be sustained, but it is permissible for the protestant to obtain a verdict setting up the true line as declared in his protest, if the evidence shall so warrant." *McCollum* v. *Thomason*, 32 *Ga. App.* 160 (122 S. E. 800). But the primary object of processioning proceedings is to settle disputes between coterminous owners as to their boundary lines by having the district processioners, with the county surveyor, run and mark anew the proper established lines "as they actually exist," rather than "as they ought to be." These summary proceedings not being a substitute for ejectment, the question is one of boundary rather than title. *Georgia Talc Co.* v. *Cohutta Talc Co.*, 140 *Ga.* 245 (3), 247 (78 S. E. 905); *Boyce* v. *Cook*, 140 *Ga.* 360, 362 (78 S. E. 1057); *Bowen* v. *Jackson*, 101 *Ga.* 817 (29 S. E. 40). Actual adverse possession, acquiescence, and the acts of the adjoining landowners in thus impliedly establishing for more than seven years a dividing line, will control the boundary, even though it may conflict with recitals in an otherwise controlling prior deed of one of the parties. *Zachery.* v. *Hudson*, 138 *Ga.* 85-88 (74 S. E. 768). The protestant on the one issue of boundary can not be "heard to complain that, as a result of the land lines marked anew as previously established, he is deprived of land to which he is entitled and which his deed calls for." *McAlpin* v. *Thompson*, 29 *Ga. App.* 495 (116 S. E. 64).

5. In the trial of a protest to the return of processioners, the applicant for processioning "stands in the place of a plaintiff or movant in an ordinary cause, and is entitled to open and conclude the argument." *Rattaree* v. *Morrow*, supra. But the proper admission in evidence of the return and plat "served to make out a prima facie case, and, in the absence of any other evidence, would authorize a verdict sustaining the return." *Ga. Talc Co.* v. *Cohutta Talc Co.*, supra. Under the foregoing principles, the issue not being one of title under conflicting deeds of the parties, but being as to the true boundary line, the return and plat and the oral testimony for the applicant, indicating that the processioners properly ran the line in accordance with natural landmarks and the actual possession, acquiescence, and acts of the respective parties and their predecessors in title for more than seven years, fully authorized the verdict rendered in favor of the return and the applicant, notwith-

388

standing the conflicting testimony for the protestant, and the recital in her deed, antedating deeds of the applicant, calling in its description of courses and distances for a greater number of chains and links than those allowed to the protestant by the return and plat.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 14, 1935.

*E. P. & J. Cecil Davis,* for plaintiff in error.
*Joel H. Terrell,* contra.