### 30216. DAVIS v. TERRELL.

DECIDED JANUARY 5, 1944.

*James Maddox,* for plaintiff in error.

*Leon & Dean Covington, Vaughn Terrell,* contra.

GARDNER, J.   This case arose on a protest filed by J. M. Davis to the return of processioners in a proceeding instituted by H. G. Terrell Jr., to have the dividing line between himself and Davis established and marked anew.   A verdict was returned against the protestant, who made a motion for new trial, which was overruled, and error is assigned on that judgment.

■   The gist of Davis's objections to the return of the processioners was that the dividing line set up by the processioners was not the true and correct dividing line between himself and Terrell. The line in dispute is the north and south line between land lot 209, on which Davis's tract of land was located, and lot 208 on which Terrell's land was located.   The gist of the objections to the line established and marked anew by the processioners was that the line so established is 755 feet west of the true original line between land lots 208 and 209, and that to establish the line according to the return would deprive the protestant of approximately 30 acres of land between the original land-lot line and the line marked by the processioners.   Under the provisions of the Code, § 85-1606, the only authority given the processioners is to mark anew a dividing line in order to re-establish the dividing line which was previously established and recognized as such by the adjoining landowners. The processioners have no authority to locate any other line.

■   Headnotes 1, 2, and 5 need no elaboration.   The principle dealt with in headnote 5 is in response to the assignment of error in special ground 1 of the motion.

■   As to the principle of law dealt with in headnote 3, the objections to the line marked by the processioners were to the effect that such was not the original north and south land-lot line between lot number 209, owned by the protestant Davis, on the one hand, and the tract of land owned by the applicant Terrell in lot number 208, on the other hand.   It is contended that the line should be established on the original land-lot line between the two tracts, and at a distance 755 feet east of the line found by the processioners.   The evidence reveals that the line as found by the processioners had been in existence for over 45 years, evidenced by fencing and cultivation, possession and other evidence of ownership by the respective parties to this case and their predecessors in title.   The

verdict in favor of the line marked by the processioners was sustained also by testimony of witnesses who had known it to be the dividing line for over 50 years. Indeed the protestant in an undenied declaration against his interest had informed the surveyor for the processioners on a previous occasion, when the surveyor was employed by protestant to survey his tract of land, that the line as found by the processioners was the dividing line. The protestant did introduce some testimony of a general nature that the line as found by the processioners was not on the original land-lot line between the two tracts; but evidence from the same source was to the effect that what protestant claimed to be the original land-lot line had no indication of having ever been recognized as the dividing line. On the other hand, aside from the overwhelming testimony to sustain the line as marked by the processioners as the existing dividing line, there was equally as much evidence to the effect that it was on the original land-lot line as there was that it was not.

This leads us to discuss the principle mentioned in headnote 4. It is immaterial whether the dividing line ought previously to have been established on the original land-lot line; it is the duty of the processioners to determine where the dividing line actually exists.

We have disposed of special ground 1, which complains of the judgment overruling the motion to dismiss the proceeding. The second special ground complains of the admission of testimony, over the objections of the protestant, on the ground (a) that it was hearsay, and (b) that Matthews was not authorized to bind his wife as to the dividing line. This evidence was to the effect that the witness Garrett testified that approximately 46 years ago the wife of one Matthews, since deceased, owned the tract of land now owned by Davis, and that Matthews, who was the general agent for his wife and looked after the tract in question, directed Garrett to construct a fence on the line thus pointed out by Matthews. The fence was constructed as a dividing line, and has been since so recognized. The line pointed out by Matthews is the same line as that found by the processioners. This assignment is without merit for two reasons: First, the evidence is sufficient to show that Matthews was the general agent for his wife, and had sufficient authority to bind her concerning the line in question; and second, the testimony is admissible under the Code, § 38-313. Compare *McAfee* v. *Newberry,* 144 *Ga.* 473 (87 S. E. 392) ; *Moore* v. *McAfee,* 151 *Ga.* 270 (6) (106 S. E. 274).

Special grounds 3, 4, 5, and 6 of the motion assign error because the court failed to give in charge requests specified therein. In view of the evidence and the charge as a whole, these grounds are without merit.

Special ground 7 assigns error on the ground that three hours after the jury had retired to deliberate on the case, the judge had the jury brought before him and inquired of them whether it was a question of law or of fact which prevented them from returning a verdict, and asked how they stood as to numbers. The foreman replied that they stood 9 to 2 (by agreement the case having been submitted to 11 jurors). The foreman further stated: "It seems absolutely impossible that we get together." The judge then remarked: "I am going to let you gentlemen go out and see if you can't make a verdict." This colloquy is assigned as error because the case had taken a day and a half to try, and the remarks of the court were highly improper and prejudicial to the movant's cause. This ground is without merit. See *Foster* v. *State*, 70 *Ga. App.* 110 (27 S. E. 2d, 564). This court will not interfere with the discretion of the trial judge in such procedural matters unless it is manifest that his discretion was abused to the injury of the complainant. Under the record of this case, no injury or abuse appears.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*