34251. JARRARD *et al. v.* WILDES.

DECIDED OCTOBER 17, 1952.

*Bennett, Pedrick & Bennett,* for plaintiff in error.
*T. J. Townsend,* contra.

SUTTON, C. J. ■ The first special ground of the amended

motion for a new trial alleges that the movants, W. C. Jarrard, S. J. Mullis and A. P. Wade, on May 28, 1951, filed a motion to dismiss the entire processioning proceeding which was overruled, said. motion being to the effect that Mrs. Annie Wade and Mrs. W. C. Jarrard were also adjoining landowners along the line of E. F. Wildes which had been processioned; that said parties had not been given the ten days' notice of the time set for running the line as required by the statute; and that the court erred in overruling the motion to dismiss the processioning proceeding as being null and void for the reasons that the statutory notice, as required by Code § 85-1605, was not given to an adjoining property owner, Mrs. Annie Wade, and that the processioners were not authorized to run and mark the line until they had evidence of the service of such notice on the adjoining landowners.

The exception to the overruling of the motion to dismiss is not a proper ground for a motion for a new trial and cannot be considered as here presented. *Nesmith* v. *L. Mohr & Sons,* 7 *Ga. App.* 558 (2) (67 S. E. 221); *Gibson* v. *Mason,* 31 *Ga. App.* 584 (1) (121 S. E. 584); *Sanders* v. *Simms,* 83 *Ga. App.* 226 (1) (63 S. E. 2d, 271); *McElveen Commission Co.* v. *Jackson,* 94 *Ga.* 549 (4) (20 S. E. 428); *Heery* v. *Burkhalter,* 113 *Ga.* 1043 (2) (39 S. E. 406).

■ The second special ground of the motion avers that the court erred in charging the jury as follows: "I charge you, gentlemen, that the burden is on the applicant, Mr. Wildes, to make out a prima facie case by a preponderance of the evidence, and by a preponderance of the evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other. In the event you find that the applicant, Mr. Wildes, has made out a prima facie case, then the burden would be on the protestants, Mr. Mullis, Mr. Wade and Mr. Jarrard, to prove their case by a preponderance of the evidence under the rules of law that I have given you in charge," for the reason that it was not a correct statement of the law as applied to the case and did not represent a statement of the burden of proof applicable to the protest in

the trial of said case, the law being that the case was to be tried in the same manner and under the same rules as other cases; that the charge had the effect of relieving the applicant, Wildes, of the obligation of establishing that the processioners had correctly fixed and marked anew the proper land line between said parties; and that said charge was confusing to the jury and did confuse the jury in arriving at a verdict in the case.

Immediately preceding the charge complained of, the court in his charge had stated to the jury that E. F. Wildes had filed his application in which he asked that the original land line between Lots 106 and 125 be surveyed and marked anew by the land processioners, and alleged that the adjoining landowners were S. J. Mullis, A. P. Wade and W. C. Jarrard; that the processioners had made their return, in which they stated that they had marked the line as set out in the return of the processioners, to which return of the processioners W. C. Jarrard, S. J. Mullis and A. P. Wade had protested, alleging that the line as marked out by the processioners was not the correct line and setting out what they alleged was the correct dividing line between the land of the applicant and the land of the protestants; and the court further stated that the jury would have the pleadings out with them, and that they could refer to them for a more complete statement of the contentions of the parties.

So, the issue for determination by the jury was whether the line set up by the processioners and surveyor, and as contended for by the applicant, Wildes, was the true dividing line between Land Lots 106 and 125, or whether the line specified in the protest filed by W. C. Jarrard, S. J. Mullis and A. P. Wade was the correct dividing line between the lands of the parties, as contended by the protestants. Consequently, the burden was on the applicant to sustain his contention by a preponderance of the evidence as to the line claimed by him before he would be entitled to a verdict, and likewise, the burden was on the protestants to sustain their contention as to the correctness of the line claimed by them in their protest, before they would be entitled to a verdict setting up that line. The applicant was seeking to have one line set up, and the protestants were seeking to have an entirely different line set up as the true dividing line between the lands of the parties. These were the issues

to be tried and determined by the jury, as above stated. No harmful error is shown by this ground of the motion.

■ Briefly, the evidence of the county surveyor and processioners shows that the line retraced and set up by them as the correct dividing line between the lands of the applicant and protestants was evidenced by a well-marked line on numerous trees, and the marks on the trees along this line appeared to be about thirty years old. Some old stakes as markers were also found on this line, and they appeared to have been there for many years. Other witnesses who had lived for many years in the community where the land was located testified to the effect that the line which was run and set up by the processioners was the correct dividing line between Land Lots 106 and 125. It appears from the evidence that the surveyor and processioners checked the dividing line between the two land lots lying just south of Lots 106 and 125, which line was undisputed, and that the line in question, as retraced and established by the processioners, was a continuation of that line between the lots located south of Lots 106 and 125. It also appears from the evidence that the protestants were present when the line set up by the processioners was run and surveyed, but that they did not point or call to the attention of the processioners any line different from that one. There is some evidence tending to support the contentions or line as claimed by the protestants.

Of course, it is well-settled law that processioners cannot establish new lines, but that their power and authority extends to retracing and establishing old lines, already existing. See Code §§ 85-1601 et seq., on processioning, and especially Code §§ 85-1605, 85-1606, 85-1607 and 85-1609.

The evidence here amply authorized the verdict in favor of the applicant, setting up the line established by the processioners, under the law applicable to such proceedings.

*Judgment affirmed. Felton and Worrill, JJ., concur.*