## 35155. CROWLEY *v.* VARN.

DECIDED SEPTEMBER 24, 1954.

*McCall & Griffis, Virgil D. Griffis,* for plaintiff in error.

*Hugh D. Wright, Wright & English,* contra.

QUILLIAN, J. In *Georgia Talc Co.* v. *Cohutta Talc Co.,* 140 *Ga.* 245 (78 S. E. 905), it was held: "1. On the issue formed by a protest to the return of processioners, the burden is on the applicant to make a prima facie case"; and that "4. . . . the return of the processioners is to be deemed prima facie correct." In that case, as in this one, the return of the processioners was adverse to the contentions of the applicant and the applicant was the protestant. The first-quoted rule has also been applied in *Ratteree* v. *Morrow,* 71 *Ga.* 528 (1); *Chism* v. *Wilkerson,* 134 *Ga.* 636 (68 S. E. 425); *Reynolds* v. *Kinsey,* 50 *Ga. App.* 385, 387 (5) (178 S. E. 200); and in *Davis* v. *Terrell,* 70 *Ga. App.* 478 (1) (28 S. E. 2d 590). The second rule has also been applied in *McCollum* v. *Thomason,* 33 *Ga. App.* 160, 163 (7) (122 S. E. 800). The burden is also upon the plaintiff in error to affirmatively show by the record harmful error. *Hudspeth* v. *Scarborough,* 69 *Ga.* 777, 778 (4); *Saliba* v. *Saliba,* 201 *Ga.* 681, 688 (40 S. E. 2d 732); *Hall* v. *State,* 202 *Ga.* 619, 620 (2) (44 S. E. 2d 234). When the case is brought to this court, we must decide the questions presented by the bill of exceptions in the light of the entire record before this court; and, if viewed in that light, no harmful error appears, the judgment of the trial court will be affirmed.

In the instant case, as already stated, the processioners surveyed and marked a line, which the applicant contends was not the true line and upon the filing of the processioners' return the applicant filed his protest. Attached to the return of the processioners, as it appears in the record before this court, was a black line drawing or plat, the diagram accompanying this opinion being a substantial facsimile of the same. This plat, together with the return, when introduced in evidence, in the trial in the superior court, by Mrs. Varn, the person notified, made a prima facie case in favor of the line marked by the processioners, and the burden of going forward with the evidence shifted to the applicant, who then had the burden of showing that the line marked by the processioners was not the true line.

We have carefully examined the evidence in this case, and are satisfied that the evidence as presented by the record is wholly insufficient to carry that burden. The plat or drawing accompanying this opinion is a substantial copy of the only plat incorporated in the record. The applicant's evidence, as it appears in the record, is in such condition that it is impossible for this court to understand it, and we cannot say that it was sufficient to prove one salient point necessary to the applicant's case or sufficient to overcome in any particular the prima facie case made by Mrs. Varn's evidence, which included the return and plat of the processioners. In the first place, it is replete with references to a plat which the applicant (who was the only witness on his side of the issue) apparently was exhibiting to the jury during his testimony, but which is not incorporated in the record. Extracts from the first two pages of the brief of the evidence will serve to illustrate what is meant by the ruling here made. The witness testified in part: . (Pointing to drawing) *"This* is the pond and some land *back here* that I sold Mr. Saunders, and it comes *down* here to a drean and went *across here* like that, and *this land* is my farm there now; and *this here* piece of land *through here* is the land that is in question. *That* is the Valdosta and Nashville Public road that leads by Hutchinson's Mill Pond. *This green irregular line* is Hutchinson's Mill Creek. *The dark lines* represent the original lines. Four lots corner

*right there.  This green irregular line* is a drean coming out of my field and comes right on down across a little road and down to *this creek.  The red dotted line* is a line that was run *here* some time ago—many years ago—*across here* to the road by Mr. Jim Varn, I reckon, twelve or fourteen years ago.  Mr. Griffin at Sparks, the surveyor of Cook County, run *this line* again at my instance after I came up here and saw *that line* and knew that I was short land and that there was something wrong with it.  .  .  Since Mr. Griffin ran *the line represented by the red dots,* Mr. Lindscy, a surveyor, and the processioners have run the line.  *The red dotted line* is the processioners' line.  The South boundary of my land joins land that belonged to Eva M. Mathis, now Eva M. Keene.  *This land* now belongs to Mrs. Varn (Defendant).  (Pointing to the prepared drawing and referring to his deed the witness testified as follows as to where he contended the line to be): *This corner over here* on the east side is the bay.  There is no question about that *down here to this drean.*  And from there on when my land was checked up short and I found that, through my lawyers, their deed come down to this drean and then south onto *this original line,* I contended that *this* was my land and I joined her *here to the drean* and joined her *down here* into the road, which will give me the land that I am short."

This testimony, without the benefit of the plat or drawing being used by the witness, is wholly unintelligible to this court and absolutely worthless insofar as being evidence of the location of the line as contended by the applicant.  Indeed, it is not apparent that, if we had the plat before us, we could understand the testimony for we could not be certain as to what the witness was referring to when he used such terms as "this pond," "back here," "down here," "across here," "this land," "this green irregular line," "this corner over here," etc.

With the evidence on behalf of the applicant in this condition in the record, it was, as we have said, so far as we are able to discern, insufficient to prove any relevant fact.  The testimony quoted above is typical of much of the applicant's evidence, and is typical of all of his evidence that might have been relevant to show where he contended the true line was.  None of the evidence introduced in behalf of Mrs. Varn necessarily tended to

overcome the prima facie case made out in behalf of the line run by the processioners.

It follows that the evidence, insofar as it appears from the record before this court, demanded the verdict found by the jury; and, under the rules of law set out at the beginning of this opinion, the applicant (plaintiff in error) failed to carry the burden of showing harmful or reversible error, since any error of the court in instructing the jury or in failing to instruct the jury could not have been harmful to the applicant, the verdict being demanded; and therefore the special grounds are not considered.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*