### 36963. WOODCOCK v. RAYONIER, INC.

QUILLIAN, Judge. 1. Where in a processioning case an issue is made by the protestant to the processioners' return that the true line was along a described course other than that marked by the processioners and the protestant's contention as to the true course of the line is supported by some competent evidence the court must submit the issue to the jury. Though there is no request to charge, where the point is properly raised, the omission of such instruction is error. *Payne* v. *Green,* 84 *Ga. App.* 689, 694 (67 S. E. 2d 195) ; *Jarrard* v. *Wildes,* 87 *Ga. App.* 30, 32 (73 S. E. 2d 116) ; *Reynolds* v. *Kinsey,* 50 *Ga. App.* 385 (4) (178 S. E. 200) ; *Davis* v. *Terrell,* 70 *Ga. App.* 478

(3) (28 S. E. 2d 590). But a ground of motion for new trial which complains that the court's failure to submit to the jury the issue as to whether the true line lies along the course delineated in the protest, does not show reversible error where it contains no allegation that the omission was hurtful to the protestant. *Jones* v. *State*, 50 *Ga. App.* 14 (1). (176 S. E. 824); *Smallwood* v. *Pollard*, 54 *Ga. App.* 617, 618 (188 S. E. 594); *Morris* v. *State*, 185 *Ga.* 67 (2) (194 S. E. 214).

2. Exception is taken to the charge of the court: "Now, gentlemen of the jury, I charge you that the burden rests upon the protestant, Mr. Woodcock, to satisfy you, by a preponderance of the evidence, that the return filed by the processioners is incorrect or untrue. Under the law, gentlemen of the jury, the return is presumed to be correct." The charge is attacked as being incorrect as an abstract principle of law. The court further instructed the jury that the presumption that the processioners' return is correct was a rebuttable presumption. The return of the processioners is presumed prima facie correct, *Georgia Talc Co.* v. *Cohutta Talc Co.*, 140 *Ga.* 245 (4) (78 S. E. 905), and the burden in a processioning case rests upon the applicant.

The applicant occupied a dual relationship to the case, applicant and protestant. The charge while inaccurate because the burden rested upon the protestant in his character as applicant and not as protestant was substantially correct. The assignment of error that it was not sound as an abstract principle of law does not invoke a ruling as to whether the charge was adapted to the pleadings and issues of the case. The assignment of error that the criticised instructions excluded the applicant-protestant's contention that the line lay along a given course was without merit. Included in the burden of proving that the line followed a particular course as he contended, was the burden of showing that it was not along the course marked by the processioners.

That other instructions were necessary to submit the issue as made by the pleadings and evidence to the jury, did not render the charge given incorrect. It is frequently, if not always, difficult to submit an entire issue to the jury in a single sentence.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

Decided February 5, 1958.

*R. L. Carr, John P. Rabun,* for plaintiff in error.
*Dubberly & Dubberly, B. D. Dubberly, B. D. Dubberly, Jr.,* contra.