## 40060. OVERSTREET v. DIXON.

DECIDED MAY 24, 1963.

*John P. Rabun, M. W. Eason, Dan S. Cowart,* for plaintiff in error.

*D. B. Dubberly, Sr., R. K. Girodeau, T. Ross Sharpe,* contra.

BELL, Judge. ■ The plaintiff in error had dual burdens in this case which were cast upon him, (1) as applicant for processioning and, (2) as protestant against the boundary line drawn anew by the processioners. The burden of establishing a prima facie case *for the processioners' return* rested upon the plaintiff in error in his character as applicant. *Woodcock v. Rayonier, Inc.,* 97 Ga. App. 133 (102 SE2d 93). The processioners' return and the county surveyor's plat are essential to a prima facie case, and, in the absence of any other evidence, would authorize a verdict sustaining the return. *Rattaree v. Morrow,* 71 Ga. 528; *Castleberry v. Parrish,* 135 Ga. 527 (69 SE 817); *Georgia Talc Co. v. Cohutta Talc Co.,* 140 Ga. 245 (78 SE 905); *Reynolds v. Kinsey,* 50 Ga. App. 385 (178 SE 200); *Philpot v. Wells,* 69 Ga. App. 489 (26 SE2d 155). The failure or refusal of the plaintiff in error, as the applicant for processioning, to introduce the processioners' return and the county surveyor's plat clearly authorized the trial judge to grant a nonsuit at the close of his case.

This case differs from that of *Crowley v. Varn,* 90 Ga. App. 646 (84 SE2d 89), and others similar where the defendant, apparently to show the incorrectness of the boundary line as claimed by the applicant-protestant, voluntarily assumed and carried this burden imposed on the other by presenting in evi-

dence the processioners' return and the county surveyor's plat.

■ The trial judge may exercise discretion in ruling on a motion to reopen to admit additional evidence. However, it is generally understood that a party should be allowed to reopen to introduce evidence sufficient to cure a nonsuit. *Walker v. Central of Ga. R. Co.*, 47 Ga. App. 240 (170 SE 258); and *Penn v. Georgia Sou. &c. R. Co.*, 129 Ga. 856 (60 SE 172). Here, if the trial judge had merely refused to permit the introduction of the processioners' return and the county surveyor's plat, which were needed to cure the defects in the *applicant's* case, as the trial judge himself apparently recognized, he would have abused his discretion. However, the trial judge's refusal to reinstate plaintiff in error's case went beyond the mere refusal to reopen in order to allow the admission of this evidence. The refusal to reinstate was directed at the failure of the plaintiff in error to *prove his case* in his character as *protestant* against the processioners' findings. The court correctly stated in its order denying plaintiff's motion to reinstate that if the return of the processioners and the county surveyor's plat had been introduced into evidence, "this evidence taken in connection with and in addition to the evidence already before the court and jury, would not have entitled the protestant to recover in this case."

It was not harmful error for the trial judge after the nonsuit to refuse to reopen the case for the admission of evidence which could not have altered the lawful result of the issue.

■ While it is true that in a processioning case, if protestant's contention is supported by some competent evidence, the court must submit the issue to the jury, *Woodcock v. Rayonier, Inc.*, 97 Ga. App. 133, supra; and in considering a motion for a nonsuit the trial court should usually construe the evidence in favor of the party opposing the motion, *Ellison v. Evans*, 85 Ga. App. 292, 295 (69 SE2d 94); *Keebler v. Willard*, 86 Ga. App. 884, 887 (72 SE2d 805); nevertheless, where the party's own evidence is contradictory and uncertain as to the material allegations of his petition, the court on a motion for nonsuit should construe the evidence most strongly against him, and when so construed no case was proven, the trial court does not err in granting a nonsuit. *Mead v. McGee*, 215 Ga. 574 (2) (111 SE2d 234).

In this case, the evidence which the plaintiff in error introduced as protestant is contradictory and in conflict with the allegations made in his protest. The protestant denied that the processioners' line was the true boundary and contended that the true line beginning at an agreed point should have extended south 40 degrees west for 11.86 chains and thence south 5 degrees 35 minutes west for 89.55 chains to a corner. In support of his alleged true boundary, he introduced the oral testimony of a surveyor and plat prepared by this surveyor based on a survey made in 1961 after the processioning proceedings and without prior notice to the other coterminous owner, Dixon. The 1961 plat was admitted over the objection of the defendant in error on the ground that he was not given the 10 days' prior notice required by *Code* § 24-3384 to qualify the survey for admission as evidence. Plaintiff in error admitted that no notice was given to Dixon. No objection was interposed, however, to the oral testimony of this surveyor who testified as to the result of his acts in conducting the survey and who gave the courses and distances found.

As we define a survey it is the process by which a parcel of land is measured and its contents ascertained; also a statement of, or a paper showing the result of the survey, with the courses and distances and the quantity of the land. See Black's Law Dictionary (4th Ed.), and Miller v. Lawyers Title Ins. Corp. (D.C. Va.), 112 FSupp. 221, 224. A survey, then, may be shown, (1) by oral testimony of the surveyor describing the process by which he measured the land and by stating the courses and distances and the quantity of the land, or (2) by offering a duly authenticated paper showing the results of the survey. The sustaining of an objection to either one of these methods of introducing the survey, yet allowing its submission by the other method without objection, results in the survey being properly in the evidence.

It necessarily follows that the surveyor's oral testimony of the 1961 survey properly places that survey in the evidence. This testimony, however, does not aid the plaintiff in error, for it is in direct conflict with a certified plat dated 1910 also introduced by him. The 1910 plat deviates only slightly from the

line run by the processioners but is in direct conflict with the boundary alleged by the plaintiff's protest. In addition, there are fundamental contradictions within the plaintiff in error's testimony concerning his own recollection of boundary markers.

In the light of these conflicts in the protestant's own evidence, the trial court did not err in granting a nonsuit, in refusing to reopen plaintiff's case to admit the processioners' return and the county surveyor's plat, or in denying the motion to reinstate the protest proceedings.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*