### BRADEN *v.* MARTIN.

BECK, J.   1. While the protest filed by the defendant in error to the return of the processioners contained several grounds, only two of them were passed upon by the court below, and the judgment of the court sustaining the protest was based upon those two grounds only: first, "that notice was not served upon protestant ten days before the alleged procession," as required by law; second, upon the ground that the processioners had not been appointed by the ordinary of the county.   The truth of both of these grounds was admitted in an agreed statement of facts.   *Held:*

(a)   Where the record did not contain a copy of the application for processioning, but the return of the processioners recited that ten days notice, as required by law, had been given to all of the owners of adjoining lands (naming them), and a person not so named filed a protest to such return, but no evidence was introduced that he was in fact an owner of adjoining land, it was error to sustain the protest on the ground that such protestant had not been notified.

(b)   Under the provisions of the act approved December 13, 1871 (Acts 1871, p. 225), creating a board of commissioners of roads and revenue for the county of Floyd and other counties, the said board, and not the ordinary of the county, had authority to appoint processioners.   (Fish, C. J., and Holden, J., dissent from the ruling made in this headnote.)

2. No traverse of the protest was necessary to put in issue the allegations of the various grounds thereof.

*Judgment reversed.   All the Justices concur, except Fish, C. J., and Holden, J., dissenting.*

SEPTEMBER 26, 1911.

Processioning.   Before Judge Maddox.   Floyd superior court. April 18, 1910.

G. H. Braden made application to two of the processioners appointed in and for the 859th district, G. M., Floyd county, by the board of commissioners of roads and revenue, to procession his lands.   The two processioners, with the county surveyor, proceeded

to mark out the lines of his land, and, upon completion of their work, made their return to the ordinary of the county. Attached to their return was a plat of the lands of Braden, made by the surveyor. It was stated in the return of the processioners that service of the ten days written notice, as required by law, had been made upon all the adjoining-land owners, naming them. C. W. Martin filed his protest to this return, alleging, that he was an adjoining-land owner and had not been served with the notice required by law; that the application of Braden was made to only two of the alleged processioners of the district, and not to three as required by law; that neither of the persons presuming to act as processioners were in fact such, being appointed by the board of commissioners of roads and revenue, and not by the ordinary as the law requires; that no notice was given to protestant as required by the statute; and he pointed out certain alleged errors and defects in the return, and that the plat was void because too vague and indefinite to be intelligible. Upon the hearing it was admitted by counsel for Braden that the processioners were appointed by the board of commissioners and not by the ordinary, and it was further admitted that C. W. Martin, who filed the protest, did not have any written notice of the processioning proceeding, though he was not named as an adjoining-land owner in the return of the processioners. No evidence was introduced, but the court, on the showing made by the protest and the admissions of counsel for Braden, passed an order sustaining Martin's objections; and Braden excepted.

*W. M. Henry* and *F. W. Copeland,* for plaintiff.
*M. B. Eubanks,* for defendant.