BARNHILL *et al. v.* GEORGIA TRADING & DEVELOPMENT CO.

BECK, P. J. 1. The court did not err in admitting certain documentary evidence objected to upon the ground that it was secondary, and that the originals of the documents had not been sufficiently accounted for and their loss shown.

2. A ground of a motion for new trial, based upon the refusal of the court to exclude certain documentary evidence which had previously been admitted, presents no question for decision by this court where the substance, at least, of the documents thus admitted is not set forth in the ground of the motion itself nor are the documents attached as an exhibit to the motion.

3. An assignment of error on the refusal of the court to rule out, on motion, the following evidence, to wit, "In 1898 we had the storm, and I cut the cross-ties," is without merit, it not appearing that this statement alone is of any materiality, it not being shown upon what land the timber was from which the cross-ties were cut, nor whether it illustrated the question of the possession of any of the land in controversy.

4. The court did not err in admitting in evidence, over the objection that it was irrelevant and that the commissioners of roads and revenues of Glynn County were not authorized to appoint processioners for that county, a certified copy of the records of the commissioners of roads and revenues of Glynn County, in which it is recited that certain named persons had been appointed processioners of a stated district of the county. Those thus named became by such appointment the lawfully

and regularly appointed processioners. Acts 1870, p. 442; *Braden* v. *Martin*, 136 *Ga.* 868 (72 S. E. 342).

5. The excerpts from the charge to which exceptions were taken by the movant were authorized under the pleadings and evidence in the case.

6. The assignments of error not specifically dealt with show no error in the rulings of the court; and the verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

No. 4053. SEPTEMBER 30, 1924.

Equitable petition. Before Judge Highsmith. Glynn superior court. October 20, 1923.

*E. H. Williams,* for plaintiffs in error.

*Conyers & Wilcox* and *Bennet, Twitty & Reese,* contra.