34763.   IRBY *v.* RALEY *et al.*

Decided October 1, 1953.

*Marshall L. Fountain,* for plaintiff in error.

*Harris, Chance & McCracken, J. Roy McCracken,* contra.

FELTON, J. ■ The plaintiff in error contends that the processioners' return should have been made to the Board of Commissioners of Roads and Revenue of Jefferson County, instead of to the Ordinary of Jefferson County, and that for this reason the motion to dismiss should have been sustained. To support this contention he argues that when the Supreme Court expressly held in *Braden* v. *Martin,* 136 *Ga.* 868 (1b) (72 S. E. 342), and *Barnhill* v. *Georgia Trading &c. Co.,* 158 *Ga.* 898 (4) (124 S. E. 524), that the acts of 1871-72, p. 225, vested in the various boards of commissioners of roads and revenue exclusive power to appoint processioners, the court impliedly held that processioners' returns should be made to such appointing boards rather than to the ordinaries, as prescribed in Code (Ann.) § 85-1607. If we follow the plaintiff in error's argument correctly, he contends that all matters concerning processioning are, by virtue of the *Braden* and *Barnhill* cases, vested in the boards of commissioners of roads and revenue. To follow this argument to its logical conclusion then, it is contended that the protest to the processioners' return should also be made to the boards of commissioners and not to the ordinary. We do not agree with the plaintiff in error's contention or concur in his argument. Prior to the act of 1901, protests to the return of processioners were filed with the processioners. Code of 1895, Vol. 2, § 3249. In Ga. L. 1901, p. 39, and subsequently to the act of 1871-72 which was construed to divest the ordinaries in counties with boards of commissioners of power to appoint processioners, the General Assembly amended the law so as to provide that protests to processioners' returns should be filed with the ordinaries rather than with the processioners. Code (Ann.) § 85-1609. We think this clearly shows that whatever construction concerning the power of appointment had been made of their act of 1871-72, the General Assembly intended that returns of processioners and protests thereto should be filed with the ordinaries. Without an express ruling thereon, this proposition has been recognized by the Supreme Court in *Tucker* v. *Roberts,* 151 *Ga.* 753 (108 S. E. 222).

■ On the trial of the issues the plaintiff in error objected to

the introduction in evidence of the processioners' return and plat on the grounds that the execution of the return had not been proved by the processioners whose names appeared thereon, that it had not been proved that the processioners whose names appeared on the return had actually established the line shown on the plat attached to the return, and that the plat attached to the return had not been identified by either the processioners or the surveyor who purportedly acted in the case. The plaintiff in error contends that the court erred in overruling the objection. The contention is meritorious. While we recognize that a proper return and plat constitute a prima facie case for the applicants (Code, Ann., § 85-1606), the return and plat attached thereto in the instant case are not correct and legal on their faces. The processioners' return recited that the named processioners, "together with the County Surveyor of Glascock County, Ga., did survey said land line and proceed to run and mark said line on the southern boundary of said tract of said applicants." The surveyor's certificate on the plat was signed, "Herman May, C. S. of G. C." Code (Ann.) §§ 85-1605, 85-1606 require that the county surveyor of the county in which the processioners' district lies shall run the line with the processioners. The only provisions which allow one other than the county surveyor to act are Code (Ann.) § 23-1113, which provides that any competent person, a citizen of the county, may act as surveyor upon being sworn that he will perform such duties skillfully, faithfully, and impartially, to the best of his knowledge, or in default of such person, the county surveyor of an adjoining county may officiate *when there is no county surveyor;* and Code (Ann.) § 23-115, which provides for cases where the county surveyor is disqualified to act because of interest. There is nothing in the processioners' return or the plat which shows that there was no County Surveyor of Jefferson County or that the County Surveyor of Jefferson County was disqualified to act. Before a plat certified to by anyone other than the County Surveyor of Jefferson County could have been admitted in evidence in the instant case, it would have had to appear in the return, plat, or otherwise, that there was no County Surveyor of Jefferson County, or that if there was one, he was disqualified to act. The court should not have allowed the plat in evidence over proper

objection. The plat of the surveyor and the return of the processioners both being necessary parts of the proceedings and neither being complete without the other, the return should not have been admitted in evidence. *Rattaree* v. *Morrow*, 71 *Ga.* 528 (2a).

■ It is contended by the defendants in error that the court did not err in disallowing the proffered amendment to the protest, because the original protest did not specify the line objected to and the true line as claimed by the protestant as required by Code (Ann.) § 85-1609. In support of their contention the defendants in error cite cases in which it was held that a protest not specifying the line objected to and the true line as claimed by the protestant was subject to a general demurrer. These cases are not applicable here, as ours is not a question of the sufficiency of the original protest as against a general demurrer. It often occurs that certain pleading may not be sufficient to withstand a general demurrer yet constitute enough to amend by. The original protest alleged: "Subject to the jurisdictional question raised, and not waiving the same in any manner, the protestant says that the processioners did not seek to find and re-establish an existing line; but, on the contrary ran a new line entirely; which line ran across fields cultivated by the protestant for 20 years. In other words, the processioners ignored the possession existing as between the applicants and protestant, and fixed an arbitrary new line where they thought it should be rather than where such line actually was." The proffered amendment specified the line objected to and the line contended for by the protestant. A protest may be amended at any stage of the cause whether in matter of form or of substance as in other causes. *Watson* v. *Bishop*, 69 *Ga.* 51, 54 (2); *Rattaree* v. *Morrow*, supra. The original protest objected to the line run by the processioners, alleging that it was a new line running across fields cultivated by the protestant for twenty years, and in effect contended that the line should be as recognized by the protestant and the applicants prior to the application. This constituted enough to amend by.

The court did not err in overruling the motion to dismiss the proceeding.

The court erred in directing a verdict for the applicants be-

cause of the admission over objection of the return and plat and the disallowance of the protestant's amendment to his protest.

*Judgments reversed in part and affirmed in part. Sutton, C. J., and Worrill, J., concur.*